THE STATE EX REL. WELLINGTON, SHERIFF, APPELLEE,
*v.* KOBLY, JUDGE, APPELLANT.

[Cite as *State ex rel. Wellington v. Kobly,*
112 Ohio St.3d 195, 2006-Ohio-6571.]

(No. 2006–1163—Submitted November 29, 2006—Decided December 20, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of prohibition that prevents a municipal court judge from proceeding with a contempt hearing

against a sheriff who violated the judge's order by releasing a convicted misdemeanant from the county jail. The writ of prohibition also prevents the municipal judge from issuing further orders that would compel the sheriff to violate a prisoner-release order issued by the court of common pleas. We reverse the judgment of the court of appeals.

{¶ 2} This case involves contradictory court orders to appellee, Sheriff Randall A. Wellington. One is from appellant, Youngstown Municipal Court Judge Elizabeth A. Kobly, and the other is from the Mahoning County Court of Common Pleas. Some background is needed to understand the conflict.

{¶ 3} In a federal court class action in 2005, the United States District Court for the Northern District of Ohio, Eastern Division, found that the Mahoning County Justice Center and the Minimum Security Jail were understaffed and overcrowded, creating unsafe and dangerous conditions. *Roberts v. Mahoning Cty.* (Mar. 10, 2005), N.D. Ohio E.D. No. 4:03CV2329. Because these conditions were held to be unconstitutional, a special master was appointed to determine the appropriate remedy. With respect to the jail population, the district court noted that the approved capacity of the Justice Center when it first opened was 432 inmates.

{¶ 4} To respond and to resolve the problems related to understaffing due to inadequate funding of the jail, the Mahoning County Court of Common Pleas unanimously adopted a prisoner-release policy aimed at maintaining an inmate population of no more than 296 and providing for the release of inmates from the Justice Center based on a rating system for the seriousness of offenses.

{¶ 5} On November 29, 2005, Judge Kobly convicted Ronald Tomlin of the fourth-degree misdemeanor of domestic violence in violation of R.C. 2919.25(C) and sentenced him to seven days in the Justice Center. Judge Kobly specified in the sentencing entry, "Sheriff not to release early."

{¶ 6} Notwithstanding Judge Kobly's order, Sheriff Wellington released Tomlin the day that he was sentenced, in accordance with the prisoner-release policy. The next day, Judge Kobly ordered Sheriff Wellington to appear and show cause why he should not be held in contempt of her do-not-release order.

{¶ 7} Sheriff Wellington responded with a motion to disqualify Judge Kobly from holding the contempt proceeding, which the presiding judge of the court of common pleas denied.

{¶ 8} Sheriff Wellington filed a complaint in the Court of Appeals for Mahoning County for a writ of prohibition (1) to prevent Judge Kobly from conducting the contempt hearing scheduled for December 28, 2005, regarding the sheriff's release of Tomlin and (2) to prevent Judge Kobly from issuing further orders that would cause the sheriff to violate the prisoner-release policy issued by the court

of common pleas. The court of appeals granted an alternative writ on December 27, 2005, and restrained Judge Kobly from conducting the contempt hearing. The parties filed motions for summary judgment.

{¶ 9} The court of appeals, in a two-to-one decision, granted the writ of prohibition to prevent Judge Kobly from proceeding. Judge Kobly appealed the judgment to this court. The Ohio Municipal League filed an amicus curiae brief in support of Judge Kobly, and Judge Robert A. Douglas and Judge Robert P. Milich of the Youngstown Municipal Court also filed an amicus curiae brief in support of Judge Kobly. The Association of Municipal/County Judges filed an amicus curiae brief that the association claimed was in support of neither party to the appeal.

{¶ 10} This cause is now before the court upon an appeal as of right.

### Motions to Strike Amicus Curiae Briefs

{¶ 11} Sheriff Wellington requests that the amicus curiae brief submitted by Judge Douglas and Judge Milich be stricken because he was never served with a copy.

{¶ 12} We deny the motion. The evidence establishes that Judge Douglas and Judge Milich properly served their brief as required by the Supreme Court Rules of Practice and that service was complete on mailing. S.Ct.Prac.R. XIV(2)(B) through (D). In addition, after the judges' counsel became aware that Sheriff Wellington's counsel had not received a copy of their amicus curiae brief, they sent one via facsimile transmission to the sheriff's attorney. Finally, the arguments raised in the judges' brief are raised by the other briefs in the case and are specifically addressed in Sheriff Wellington's brief. Therefore, Sheriff Wellington is not prejudiced by the denial of his motion. See, e.g., *State ex rel. Antonucci v. Youngstown City School Dist. Bd. of Edn.* (2000), 87 Ohio St.3d 564, 566, 722 N.E.2d 69, fn. 1; see, also, S.Ct.Prac.R. XIV(2)(D)(2) ("If the Supreme Court determines that service was made as required by this rule or that service was not made but the movant was not adversely affected, it may deny the motion").

{¶ 13} Sheriff Wellington also requests that we strike the amicus curiae brief filed by the Association of Municipal/County Judges. We grant the motion because although the association claims that its brief does not support the position of either party, its brief manifestly supports the position of Judge Kobly, but was not timely filed under S.Ct.Prac.R. VI(6)(B) ("If the *amicus* brief is in support of an appellant, the brief shall be filed within the time for filing allowed to the appellant to file a merit brief").

Prohibition

{¶ 14} Judge Kobly asserts that the court of appeals erred in granting the writ of prohibition to prevent her from conducting a contempt hearing on whether the sheriff violated her sentencing order in Tomlin's case and to prevent her from issuing any comparable orders that conflict with the common pleas court's prisoner-release policy. To be entitled to the requested writ of prohibition, Sheriff Wellington must establish that (1) Judge Kobly is about to exercise judicial power, (2) the exercise of that power is not authorized by law, and (3) denying the writ will result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Douglas v. Burlew,* 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, ¶ 9. Sheriff Wellington established the first requirement because Judge Kobly was about to exercise judicial power by conducting proceedings on the contempt charge.

{¶ 15} However, this judicial power was authorized. Municipal courts "have jurisdiction within the corporate limits of their respective municipal corporations" and "of the violation of any misdemeanor committed within the limits of its territory." R.C. 1901.02(A) and 1901.20(A)(1). Based on these statutes, Judge Kobly had jurisdiction to try, convict, and sentence Tomlin on the domestic-violence charge.

{¶ 16} The mere fact that courts of common pleas may also have jurisdiction over these types of charges does not limit the concurrent jurisdiction of municipal courts. R.C. 2931.04 ("Sections 2931.01 to 2931.03, inclusive, of the Revised Code, do not affect, modify, or limit the jurisdiction of municipal courts"). In addition, "[i]n any action or proceeding of which a municipal court has jurisdiction, the court or any judge of the court has the power to * * * punish contempts * * * and to exercise any other powers that are necessary to give effect to the jurisdiction of the court and to enforce its judgments, orders, or decrees." R.C. 1901.13(A)(1).

{¶ 17} Therefore, Judge Kobly had statutory jurisdiction to conduct a contempt proceeding to determine whether the sheriff had violated that order by releasing Tomlin before he had served the sentence.

R.C. 341.02 and *Kohler v. Powell* (1926), 115 Ohio St. 418, 154 N.E. 340

{¶ 18} Under R.C. 341.01, "[t]he sheriff shall have charge of the county jail and all persons confined therein. He shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction."

{¶ 19} Pursuant to R.C. 341.02, the sheriff or jail administrator prepares policies and procedures for the jail, which are adopted upon approval by the court of common pleas:

{¶ 20} "The sheriff or jail administrator shall prepare written operational policies and procedures and prisoner rules of conduct, and maintain the records prescribed by these policies and procedures in accordance with the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction.

{¶ 21} "The court of common pleas shall review the jail's operational policies and procedures and prisoner rules of conduct. If the court approves the policies, procedures, and rules of conduct, they shall be adopted."

{¶ 22} R.C. 341.02 does not vest any exclusive jurisdiction in the court of common pleas to promulgate jail policies and procedures. Instead, R.C. 341.02 merely permits the common pleas court to approve the policies prepared by the sheriff and jail administrator. That did not occur here. In this case, the common pleas court prepared and issued the prisoner-release policy instead of approving a policy prepared by the sheriff.

{¶ 23} Moreover, R.C. 341.02 states nothing about suspending the execution of sentence and releasing prisoners before they have served their sentences. R.C. 341.02 thus does not provide the requisite statutory specificity to permit the sheriff to suspend the execution of a sentence ordered by a court. *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198.

{¶ 24} In fact, the jail policies and rules of conduct for prisoners must be prepared "in accordance with the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction." R.C. 341.02. These minimum standards are set forth in Ohio Adm.Code 5120:1–8–01 to 5120:1–12–19 and do not authorize a sheriff to release inmates before their sentences have expired. Ohio Adm.Code 5120:1–7–01(D); see, also, 2005 Ohio Atty.Gen.Ops. No. 2005–026 (county sheriff may not release from county jail a person who has not served entire term of imprisonment based on concerns of overcrowding and budget shortfalls unless the early release had been ordered by a court or the Governor).

{¶ 25} Furthermore, R.C. 341.12 specifies, "In a county not having sufficient jail or staff, the sheriff shall convey any person charged with the commission of an offense, sentenced to imprisonment in the county jail * * * to a jail in any county which the sheriff considers most convenient and secure." Under R.C. 341.12, Sheriff Wellington has a duty to convey persons sentenced to imprisonment in the county jail to a jail in another county if Mahoning County has insufficient jail space or staff. Insofar as R.C. 341.02 could be construed to conflict with the manifest mandate of R.C. 341.12, R.C. 341.12 controls. See *Allan Nott Ents., Inc. v. Nicholas Starr Auto, L.L.C.*, 110 Ohio St.3d 112, 2006-Ohio-3819, 851 N.E.2d 479, ¶ 40, citing R.C. 1.51 ("Where statutes conflict, the more specific provision controls over the more general provision").

{¶ 26} Finally, our decision in *Kohler v. Powell* (1926), 115 Ohio St. 418, 154 N.E. 340, does not warrant a different interpretation of R.C. 341.02. In *Kohler*, at the syllabus, we held, "Section 3162 of the General Code confers upon the common pleas court full, complete, and exclusive authority to promulgate rules and regulations for the management and control by the sheriff of the county jail and the persons confined therein, including the feeding of the prisoners." In *Kohler*, however, we construed former G.C. 3162, which, unlike R.C. 341.02, provided that the "court of common pleas shall prescribe rules for the regulation and government of the jail of the county, not inconsistent with the law" upon ten specified subjects, including "regulations necessary to promote the welfare of the persons." *Kohler* involved a sheriff's refusal to comply with a common pleas court's rules related to the feeding of prisoners; it did not consider a common pleas court's prisoner-release policy. Indeed, even in *Kohler*, we emphasized that "[t]he first duty of the sheriff is to keep the prisoners committed to jail until they are legally released." Id. at 424, 154 N.E. 340.

{¶ 27} *Kohler* is thus distinguishable from the case at bar.

{¶ 28} Therefore, R.C. 341.02 does not patently and unambiguously divest Judge Kobly of jurisdiction to enforce her sentencing entries and to punish alleged violations of those court orders by contempt. "The courts of common pleas were established by the Ohio Constitution as courts of general original jurisdiction in Ohio, but the Constitution itself limits their jurisdiction to that which is expressly conferred by the General Assembly." *Cent. Ohio Transit Auth. v. Transport Workers Union of Am., Local 208* (1988), 37 Ohio St.3d 56, 60, 524 N.E.2d 151. The final issue is whether the sheriff has an adequate remedy at law.

## Adequate Remedy by Appeal

{¶ 29} In the absence of a patent and unambiguous lack of jurisdiction, Sheriff Wellington has an adequate remedy via an appeal from any adverse judgment in the contempt proceeding. *State ex rel. Mancino v. Campbell* (1993), 66 Ohio St.3d 217, 220, 611 N.E.2d 319 ("appealing a contempt order is an adequate remedy at law which will result in denial of the writ"); *Manrow v. Lucas Cty. Court of Common Pleas, Juvenile Div.* (1985), 20 Ohio St.3d 37, 39, 20 OBR 285, 485 N.E.2d 713.

## Conclusion

{¶ 30} Based on the foregoing, Judge Kobly does not patently and unambiguously lack jurisdiction to enforce her sentencing orders in contempt. She has basic statutory jurisdiction to do so, R.C. 1901.13(A)(1), and R.C. 341.02 does not patently and unambiguously divest her of that jurisdiction. Sheriff Wellington thus has an adequate remedy by way of the contempt proceeding and appeal to

raise his contentions. By so holding, we express no opinion on the merits of the underlying issues, including whether the sheriff is actually in contempt of Judge Kobly's order, because our review is limited to a determination of whether Judge Kobly patently and unambiguously lacked jurisdiction to proceed. *State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006–Ohio–5344, 855 N.E.2d 473, ¶ 18. Therefore, the court of appeals erred in granting extraordinary relief in prohibition. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

LUNDBERG STRATTON, J., dissents.

---

LUNDBERG STRATTON, **J., dissenting.**

{¶ 31} Because I believe that the order of the Mahoning County Common Pleas Court adopting the prisoner-release policy takes precedence over the sentencing order of the municipal court judge in this case, I respectfully dissent.

{¶ 32} The facts giving rise to this litigation include the following. On March 30, 2005, the Mahoning County Court of Common Pleas adopted a prisoner-release policy to prevent overcrowding at the Mahoning County Jail, in response to a federal mandate. The release policy was served on Sheriff Wellington that same day. Sheriff Wellington implemented the release policy in compliance with the common pleas court order.

{¶ 33} On November 29, 2005, Sheriff Wellington received a judgment entry from Judge Kobly, sentencing inmate Tomlin to a period of seven days' incarceration in the Mahoning County Jail. Judge Kobly's judgment entry included the order "Sheriff not to release early." Tomlin was released on November 29, 2005, pursuant to the prisoner-release policy adopted by order of the common pleas court. The following day, Judge Kobly ordered Sheriff Wellington to appear before her and show cause why he should not be held in contempt of court for releasing Tomlin.

{¶ 34} Sheriff Wellington filed a complaint in the Court of Appeals for Mahoning County for a writ of prohibition (1) to prevent Judge Kobly from conducting the contempt hearing scheduled for December 28, 2005, regarding the sheriff's release of Tomlin and (2) to prevent Judge Kobly from issuing further orders that would cause the sheriff to violate the prisoner-release policy issued by the court of common pleas. The court of appeals granted an alternative writ on

December 27, 2005, and restrained Judge Kobly from conducting the contempt hearing. The parties filed motions for summary judgment.

{¶ 35} In an affidavit in support of his motion, Sheriff Wellington noted that Judge Kobly had issued 36 "do not release early" orders on criminal defendants sentenced by her to the Mahoning County Jail and that other judges had begun issuing comparable orders in their sentencing entries. According to Sheriff Wellington, all of these inmates would be released under the prisoner-release policy adopted by the common pleas court but for judges' orders.

{¶ 36} Ultimately, in a split decision, the court of appeals granted the writ of prohibition to prevent Judge Kobly from proceeding with her contempt hearing against Sheriff Wellington and to prevent her from issuing further orders that would compel Sheriff Wellington to violate the prisoner-release policy.

{¶ 37} Today this court reverses the judgment of the court of appeals, concluding that Judge Kobly does not patently and unambiguously lack jurisdiction to enforce her sentencing orders through contempt proceedings. Thus, the majority holds, Sheriff Wellington has an adequate remedy via an appeal from any adverse judgment in the contempt proceeding. I respectfully dissent.

{¶ 38} R.C. 341.02 grants supervisory authority over the operational policies and procedures of a county jail to the common pleas court. The statute provides:

{¶ 39} "The court of common pleas shall review the jail's operational policies and procedures and prisoner rules of conduct. If the court approves the policies, procedures, and rules of conduct, they shall be adopted."

{¶ 40} Further, this court has recognized since 1926 that once the common pleas court has provided for the rules and regulations of a county jail, it becomes the "plain duty of the sheriff to obey and enforce and to command his subordinates to obey and enforce the rules established by the court." *State ex rel. Kohler v. Powell* (1926), 115 Ohio St. 418, 422, 154 N.E. 340.

{¶ 41} When Sheriff Wellington released Tomlin early, he relied on the prisoner-release policy. Jurisdiction to adopt the release policy was conferred exclusively upon the common pleas court by R.C. 341.02. Thus, the court of appeals properly held that once the common pleas court exercised its jurisdiction under R.C. 341.02, Judge Kobly was without jurisdiction to override that policy.

{¶ 42} Further, the release policy does not impermissibly modify the sentence issued by Judge Kobly; it merely gives the sheriff the ability to furlough inmates until such time as there is space in the jail for persons to serve their sentences. And as for R.C. 341.12, which states that the sheriff shall convey prisoners to other jails if there is not sufficient jail space or staff in the sheriff's county jail, in my view, this statute would be triggered only when there is no policy that has

been adopted by the common pleas court ordering the sheriff to furlough inmates under R.C. 341.02.

{¶ 43} Judge Kobly's actions placed Sheriff Wellington between the proverbial rock and a hard place. If he were to comply with her municipal court sentencing order, he would violate the prisoner-release policy adopted by order of the common pleas court. In a perfect world, it would clearly be preferable for inmates to serve their sentences immediately. However, the extenuating circumstances necessitated that the common pleas court act to remedy the declaration by the federal court that the conditions at the jail were unconstitutional. Because I believe that Judge Kobly, a municipal court judge, was patently and unambiguously without jurisdiction to countermand the order of the common pleas court, I dissent.

---

Paul J. Gains, Mahoning County Prosecuting Attorney, and Gina DeGenova Bricker, Assistant Prosecuting Attorney, for appellee.

Iris Torres Guglucello, Youngstown Law Director, and Anthony J. Farris, Deputy Law Director, for appellant.

Byron & Byron Co., L.P.A., Barry M. Byron, and Stephen L. Byron; and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.

Christopher Sammarone, urging reversal for amici curiae Judge Robert P. Milich and Judge Robert A. Douglas of the Youngstown Municipal Court.