The State ex rel. Brinda *v.* Lorain County Board of Elections.

[Cite as *State ex rel. Brinda v. Lorain Cty. Bd. of Elections,*
115 Ohio St.3d 299, 2007-Ohio-5228.]

(No. 2007–1697—Submitted September 27, 2007—Decided October 2, 2007.)

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of mandamus to compel a board of elections to accept a nominating petition from a candidate for a seat on a board of education. Because the board abused its discretion and clearly disregarded the plain language of R.C. 3513.254 by refusing to accept the nominating petition, we grant the writ.

{¶ 2} Relator, Holly C. Brinda, is a resident of the city of Elyria and is a member of the Board of Education of the Elyria School District. Brinda filed a declaration of candidacy for her party's nomination to run for mayor of Elyria in the May 2007 primary election. She lost the primary election and therefore did not obtain the party nomination to run in the November 6, 2007 general election as a candidate for mayor.

{¶ 3} On August 22, 2007, Brinda attempted to file her nominating petition to run for reelection as a member of the Board of Education of the Elyria School District in the November 6, 2007 general election. Respondent, Lorain County Board of Elections, refused to accept Brinda's nominating petition for filing. Brinda has not filed to run for any state or local office in 2007 other than for the offices of mayor and school board member.

{¶ 4} The board of elections determined that Brinda could not be a candidate for the school board at the November 6, 2007 general election because she had unsuccessfully sought the party nomination for mayor at the May 2007 primary election. Before making its determination, the elections board sought and received an opinion from the secretary of state of Ohio, who concluded that an unsuccessful candidate for municipal office in the primary election could not file a

nominating petition to be a school board candidate at the succeeding general election.

{¶ 5} At an August 30, 2007 meeting, the board of elections affirmed its decision to refuse to accept Brinda's nominating petition for reelection to the school board. The board did not certify her as a candidate for school board at its August 30 meeting.

{¶ 6} On September 12, Brinda filed this expedited election action for a writ of mandamus to compel the board of elections to accept her nominating petition to become a candidate for member of the school board, and if her petition meets the requirements, to place her name on the November 6, 2007 general election ballot. The board of elections submitted an answer, and the parties filed briefs and evidence pursuant to the accelerated schedule provided by S.Ct.Prac.R. X(9).

{¶ 7} This cause is now before us on the merits.

## Laches

{¶ 8} The elections board asserts that this election case is barred by laches because Brinda delayed in filing this mandamus action 21 days after the board refused to file her nominating petition to be a candidate for school board member.

{¶ 9} "We have consistently required relators in election cases to act with the utmost diligence." *Blankenship v. Blackwell,* 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 19. "If relators do not exercise the required diligence, laches may bar the action for extraordinary relief in an election-related matter." *State ex rel. Choices for South–Western City Schools v. Anthony,* 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 20. "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 145, 656 N.E.2d 1277.

{¶ 10} Brinda knew about the elections board's refusal to file her nominating petition on August 22 but waited 21 days to file this expedited election case challenging the board's decision. Although some of this delay might be reasonably attributable to Brinda's attempts to persuade the board to reconsider its decision and her attempts to secure legal counsel, she still delayed 12 days from the date the board refused to certify her school board candidacy before filing this case. See, e.g., *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187, 189, 724 N.E.2d 775, citing *Paschal v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 141, 656 N.E.2d 1276 ("we have held that a delay as brief as *nine days* can preclude our consideration of the merits of an expedited election case" [emphasis sic]).

{¶ 11} Nevertheless, we generally require a showing of prejudice before we apply laches to bar a consideration of the merits of an election case. See, e.g., *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 493, 700 N.E.2d 1234. "Normally, this prejudice in expedited election cases occurs because relators' delay prejudices respondents by making the case an expedited election case under S.Ct.Prac.R. X(9), which restricts respondents' time to prepare and defend against relators' claims, or impairs boards of elections' ability to prepare, print, and distribute appropriate ballots because of the expiration of the time for providing absentee ballots." *State ex rel. Willke v. Taft*, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 18.

{¶ 12} Any filing delay by Brinda did not result in this matter becoming an expedited election case under S.Ct.Prac.R. X(9), which provides an accelerated schedule for a response, evidence, and briefs when the original action relating to a pending election is filed within 90 days before the election. Even if Brinda had filed this action within a week of the board's first rejecting her nominating petition in late August, this case would still have been an expedited election case under S.Ct.Prac.R. X(9). Therefore, the elections board's ability to prepare and defend against Brinda's mandamus claim has not been compromised. In fact, the board does not assert any prejudice to its ability to defend here.

{¶ 13} Nor did Brinda's purported delay cause the absentee-ballot deadline to pass before this case was filed and fully briefed. *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 14 (holding that laches did not bar consideration of the merits of expedited election case when briefing had been completed in the case before the passage of the absentee-ballot deadline); R.C. 3509.01 (absentee ballots "shall be printed and ready for use on the thirty-fifth day before the day of the election"). By contrast, the majority of the cases in which we have held that laches barred an election claim have involved the passage of the statutory absentee-ballot deadline. See, generally, *Mason City School Dist. v. Warren Cty. Bd. of Elections*, 107 Ohio St.3d 373, 2005-Ohio-5363, 840 N.E.2d 147, ¶ 20, and cases cited therein. Although the absentee-ballot deadline will have passed by the time that our decision in this case is announced, that date would have likely passed even if Brinda had filed this case within a week of the date that the board of elections reaffirmed its decision not to accept her nominating petition. "This is thus a case in which the statutory time limits would have expired even 'under the best of circumstances.'" *Choices for South–Western City Schools*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 28, quoting *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 369, 632 N.E.2d 883.

{¶ 14} Finally, there is no evidence that Brinda's delay in filing was intentionally done to obtain a strategic advantage. Cf. *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 113, 712 N.E.2d 696 (writ

in expedited election case barred by laches because of relators' delay and acts of gamesmanship).

{¶ 15} Therefore, under these circumstances, we hold that laches does not bar our consideration of the merits of this expedited election case. See, e.g., *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 505, 756 N.E.2d 1228 ("the fundamental tenet of judicial review in Ohio is that courts should decide cases on their merits").

## Mandamus

{¶ 16} To be entitled to the requested writ of mandamus, Brinda must establish a clear legal right to have the board of elections accept her nominating petition for filing, a corresponding clear legal duty on the part of the board to file her nominating petition, and the lack of an adequate remedy in the ordinary course of law. See, e.g., *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 8. As the board of elections concedes, given the proximity of the November 6 election, Brinda lacks an adequate remedy in the ordinary course of law. *State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 29.

{¶ 17} For the remaining requirements, Brinda "must prove that the board of elections engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or other pertinent law." *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶ 8.

{¶ 18} Brinda asserts that the board of elections abused its discretion and clearly disregarded applicable law by refusing to accept her nominating petition for filing even though she satisfied all of the applicable statutory requirements.

{¶ 19} R.C. 3513.254, which governs nominations of candidates for local boards of education, prohibits a board of elections from accepting a nominating petition of a person seeking to be a candidate for a city, local, or exempted village board of education if that person has already filed a declaration of candidacy to be a candidate for a municipal or township office at the same election:

{¶ 20} "(B) Nominating petitions shall be filed with the board of elections not later than four p.m. of the seventy-fifth day before the day of the general election * * *. *A board of elections shall not accept for filing a nominating petition of a person if that person, for the same election, has already filed a declaration of candidacy,* a declaration of intent to be a write-in candidate, or a nominating petition, or has become a candidate through party nomination at a primary election or by the filling of a vacancy under section 3513.30 or 3513.31 of the Revised Code for any other position as a member of a city, local, or exempted village board of education or position as a member of a governing board of an

educational service center, or *for a municipal or township office."* (Emphasis added.)

{¶ 21} The board's refusal to accept Brinda's nominating petition was based on its interpretation, as well as the secretary of state's interpretation, of R.C. 3513.254 and 3513.261, which contains comparable language. See R.C. 3513.261 ("The secretary of state or a board of elections shall not accept for filing a nominating petition of a person seeking to become a candidate if that person, for the same election, has already filed a declaration of candidacy"). Insofar as R.C. 3513.261 might conflict with R.C. 3513.254 for the pertinent language, R.C. 3513.254—the more specific provision applicable here—controls. "Where statutes conflict, the more specific provision controls over the more general provision." *State ex rel. Wellington v. Kobly,* 112 Ohio St.3d 195, 2006-Ohio-6571, 858 N.E.2d 798, ¶ 25, citing R.C. 1.51.

{¶ 22} In construing R.C. 3513.254, "our paramount concern is the legislative intent in enacting the statute." *Steele,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, at ¶ 21. "To discern this intent, we first consider the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage." *Choices for South–Western City Schools,* 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, at ¶ 40.

{¶ 23} The plain language of R.C. 3513.254 does not justify the elections board's refusal to accept Brinda's timely-filed nominating petition to be a candidate for the city school board at the November 6, 2007 general election. The statute bars a candidate who has filed a declaration of candidacy "for the same election." Brinda filed a declaration of candidacy for mayor for the May 2007 primary election, which is different from the November 6, 2007 general election for which she filed her nominating petition to be reelected to the school board.

{¶ 24} The board of elections claims that although the General Assembly used the phrase "for the same election" in R.C. 3513.254, it actually intended the phrase to mean "for the same election *year"* or "for the same election *cycle."* But we cannot add words to the statute. *State ex rel. Lee v. Karnes,* 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 25, quoting *State v. Hughes* (1999), 86 Ohio St.3d 424, 427, 715 N.E.2d 540 (" 'In construing a statute, we may not add or delete words' ").

{¶ 25} Because R.C. 3513.254 is unambiguous, we must apply it rather than construe it. *State ex rel. Canales–Flores v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, ¶ 28; see, also, *BedRoc Ltd., L.L.C. v. United States* (2004), 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 ("our inquiry begins with the statutory text, and ends there as well if the text is unambiguous"). "[N]o resort to * * * an examination of the legislative history is

warranted." *Canales–Flores*, 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, at ¶ 28.

{¶ 26} In fact, if the General Assembly had intended to bar persons who had unsuccessfully sought party nomination for a municipal office at a primary election from being candidates for another office at the succeeding general election, it would have done so with appropriate language. Id. at ¶ 34. The General Assembly has used appropriate language in R.C. 3513.04, the so-called sore-loser provision, which generally bars a person losing in a partisan primary election from participating as a candidate for another office in the succeeding general election, except for certain candidates—like Brinda—who run for a board of education at the general election:

{¶ 27} "*No person who seeks party nomination for an office or position at a primary election by declaration of candidacy * * * shall be permitted to become a candidate by nominating petition * * * at the following general election for any office other than the* office of member of the state board of education, *office of member of a city,* local, or exempted village *board of education,* office of member of a governing board of an educational service center, or office of township trustee." (Emphasis added.) Cf. *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 673 N.E.2d 1351, in which we construed a previous, broader version of R.C. 3513.04.

{¶ 28} Notwithstanding the board's argument, there is nothing in the legislative history of R.C. 3513.04, 3513.254, or 3513.261 that indicates, either expressly or impliedly, that the General Assembly has repealed that portion of R.C. 3513.04 permitting an unsuccessful primary election candidate for a different office from being a candidate for a board of education at the succeeding general election. In fact, the General Assembly last amended R.C. 3513.04 in May 2006, which is after it last amended R.C. 3513.254. Cf. R.C. 1.52(A) ("If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails"). More important, these provisions are reconcilable: R.C. 3513.254 and 3513.261 bar certain candidacies at the same election, and R.C. 3513.04 bars certain candidacies at a succeeding general election.

{¶ 29} Moreover, as Brinda contends, the board's construction of R.C. 3513.254, in addition to ignoring plain language, would render superfluous the statute's prohibition against someone who "has become a candidate through party nomination at a primary election" from being a candidate for a school board at the same election.

{¶ 30} We need not defer to the secretary of state's interpretation because it is unreasonable and fails to apply the plain language of R.C. 3513.254. Cf. *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 22 (acknowledging this court's "duty to defer to the Secretary of

State's interpretation of election law if it is subject to two different, but equally reasonable, interpretations"). Adopting the secretary of state's interpretation of R.C. 3513.254 would result " 'not [in] a construction of [the] statute, but, in effect, an enlargement of it by the court, so that what was omitted * * * may be included within its scope.' " *Lamie v. United States Trustee* (2004), 540 U.S. 526, 538, 124 S.Ct. 1023, 157 L.Ed.2d 1024, quoting *Iselin v. United States* (1926), 270 U.S. 245, 251, 46 S.Ct. 248, 70 L.Ed. 566.

{¶ 31} Therefore, the board of elections abused its discretion and clearly disregarded applicable law by refusing to accept Brinda's nominating petition for filing.

## Conclusion

{¶ 32} Based on the foregoing, Brinda has established her entitlement to the requested extraordinary relief in mandamus. Therefore, we grant a writ of mandamus to compel the board of elections to accept her nominating petition to be a candidate for member of the Elyria School District Board of Education and, if her petition meets other applicable requirements, to place her name on the November 6, 2007 general election ballot.

{¶ 33} This result is "also consistent with our duty to liberally construe words limiting the right of a person to hold office in favor of those seeking to hold office so that the public may have the benefit of choice from all qualified persons." *Reese v. Cuyahoga Cty. Bd. of Elections,* 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 34.

Writ granted.

Moyer, C.J., and Pfeifer, Lundberg Stratton, O'Connor, O'Donnell, Lanzinger, and Cupp, JJ., concur.

---

Michael R. Gareau & Associates Co., L.P.A., David M. Gareau, Michael R. Gareau, Michael R. Gareau Jr., and Elizabeth Stehlik, for relator.

Dennis P. Will, Lorain County Prosecuting Attorney, and Gerald A. Innes and Matthew A. Mishak, Assistant Prosecuting Attorneys, for respondent.