DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Susan Howard worked as a preschool teacher for the Educational Service Center of Lorain. The Governing Board of the Center passed a resolution of intent not to renew her limited contract, notified her of that resolution, and informed her that she could request a written statement of the reasons for the nonrenewal. She timely requested a written statement, and the Board provided one. She failed, however, to timely request a hearing before the Board, and its decision became final. She did not attempt to appeal the Board's decision to the *Page 2 
common pleas court. Instead, several months later, she filed this mandamus action, seeking an order requiring the Board to renew her contract.
 {¶ 2} The trial court granted summary judgment to the Board. Ms. Howard has assigned four errors on appeal, but they all amount to an argument that the trial court incorrectly granted the Board summary judgment. This Court affirms the trial court's judgment because Ms. Howard had an adequate remedy in the ordinary course of law.
 BACKGROUND {¶ 3} Ms. Howard taught preschool for the Center for two years. During the spring of the second year, the Board adopted a resolution stating its intent to not renew her limited contract for the following year. She requested a written statement of the reasons, and the Board informed her in writing that there were a number of problems with her performance, including a high number of absences, a failure to meet deadlines, a failure to arrive on time for appointments with parents, and a failure to effectively listen to instructions.
 {¶ 4} Section 3319.11(G)(3) of the Ohio Revised Code provides that a teacher who receives a written statement of the reasons why a Board intends to not renew the teacher's limited contract may request a hearing before the board within five days of receiving the written statement. Ms. Howard requested a hearing, but not until six days after she had received the written statement. Accordingly, the Board's decision to not renew her contract became final. *Page 3 
 {¶ 5} Section 3319.11(G)(7) of the Ohio Revised Code provides that, when a board, after a requested hearing, affirms its intention to not renew a limited contract, the teacher may appeal to the common pleas court, "within thirty days of the date on which the teacher receives the written decision, on the grounds that the board has not complied with section 3319.11 or 3319.111 [3319.11.1] of the Revised Code." Ms. Howard did not attempt to appeal the Board's decision to the Common Pleas Court. Instead, she filed this mandamus action.
 ADEQUATE REMEDY AT LAW {¶ 6} To be entitled to a writ of mandamus, a petitioner must establish a clear legal right, a corresponding clear legal duty on the part of the respondent, and "the lack of an adequate remedy in the ordinary course of law." State ex rel. Brinda v. Lorain County Bd. ofElections, 115 Ohio St. 3d 299, 2007-Ohio-5228, at ¶ 16. Ms. Howard has argued that she had a clear right to renewal of her contract and the Board had a corresponding duty to provide that renewal because the Board failed to comply with Section 3319.11.1 of the Ohio Revised Code. That section provides, among other things, that a Board must have evaluated a teacher twice during the year in which it notifies the teacher that it intends to not renew his or her contract and that those evaluations must have been based on observations. According to Ms. Howard, the Board did not properly evaluate her because nobody had observed her in her classroom. The Board has argued that it fully complied with Section 3319.11.1. For purposes of this appeal, this Court *Page 4 
will assume that the Board failed to comply with Section 3319.11.1. Ms. Howard is not entitled to a writ of mandamus, however, because she had an adequate remedy in the ordinary course of law through a hearing before the Board and an appeal from any adverse decision to the common pleas court.
 {¶ 7} Ms. Howard has argued that the Board's alleged failure to properly evaluate her during the year in which it refused to renew her contract somehow rendered the procedure set forth in Section 3319.11
unavailable to her, thereby permitting her to seek relief through mandamus. As mentioned above, however, Section 3319.11(G)(7) specifically provides that a teacher may argue on appeal to the common pleas court that the board failed to comply with Section 3319.11.1. In fact, in Snyder v. Mendon-Union Local Sch. Dist. Bd. of Educ,75 Ohio St. 3d 69, 1996-Ohio-138, which was an appeal in accordance with Section3319.11(G)(7), the Ohio Supreme Court determined that a teacher whose contract had not been renewed was entitled to have it renewed based upon the board's failure to comply with Section 3319.11.1. That is, the Supreme Court, in an appeal from a board's nonrenewal decision, determined that a teacher was entitled to the very relief sought by Ms. Howard based upon the same deficiency that she claims was present in the Board's action on her contract. If the Board did fail to comply with Section 3319.11.1 in regard to the nonrenewal of Ms. Howard's contract, she could have gotten the relief she seeks in this case by timely *Page 5 
requesting a hearing before the Board and, if the Board refused to renew her contract, appealing to the common pleas court.
 {¶ 8} Ms. Howard had an adequate remedy in the ordinary course of law. Accordingly, the trial court correctly granted summary judgment to the Board.
 CONCLUSION {¶ 9} Ms. Howard's assignments of error are overruled. The trial court's judgment is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 6 
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR. *Page 1