THE STATE EX REL. CRAIG *v.* SCIOTO COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Craig v. Scioto Cty. Bd. of Elections,*
117 Ohio St.3d 158, 2008-Ohio-706.]

(No. 2008–0265—Submitted February 19, 2008—Decided February 21, 2008.)

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of prohibition to prevent respondents, the Scioto County Board of Elections and its members, from placing Kenneth Ray Reed's name on the ballot as a candidate for the office of Scioto County Sheriff in the March 4, 2008 Democratic Party primary election. Because the board of elections concedes that it abused its discretion by clearly disregarding R.C. 311.01(B) and relator lacks an adequate remedy in the ordinary course of law, we grant the writ.

*Prior Work Experience*

{¶ 2} Relator, Kenneth Ray Reed, seeks to be a candidate for Scioto County Sheriff at the March 4, 2008 Democratic Party primary election. Before the qualification date for this election, Reed worked as a deputy sheriff for the Scioto County Sheriff's Department from January 1, 2001, to April 2003, and as a patrolman for the New Boston Police Department from April 2003 to the present.

Reed's work as a deputy sheriff and as a patrolman was not as a peace officer at the rank of corporal or above or in a supervisory capacity.

{¶ 3} From April 2001 to February 2006, Reed also was an organizer, member, and chief of Cincinnati Special Police, L.L.C., a private, limited liability company that had a private-investigator license with Cincinnati. Reed, however, was not employed with Cincinnati or commissioned as a peace officer or licensed as a private police officer by Cincinnati. Reed supervised individuals acting as private police during his tenure with the company.

## Application of Candidacy, Findings, and Protest

{¶ 4} On January 4, 2008, Reed filed a verified application to be a candidate for sheriff with the Scioto County Court of Common Pleas. On that date, the administrative judge of the common pleas court certified his findings and Reed's application to respondent Scioto County Board of Elections. On January 11, the board of elections first met to consider Reed's declaration of candidacy and nominating petition.

{¶ 5} On January 15, 2008, relator, Jeffery L. Craig, a registered Democrat and Scioto County resident, filed a timely protest challenging Reed's candidacy for sheriff. Craig claimed that Reed did not meet the requirements of R.C. 311.01(B)(9) to be an eligible candidate for sheriff.

## Board Hearing and Decision

{¶ 6} On January 23, the board of elections held a hearing on Craig's protest. At the hearing, Reed claimed that he met the qualifications to be an eligible sheriff's candidate by serving in a supervisory capacity for Cincinnati Special Police, L.L.C. Nevertheless, Reed admitted that he had never been commissioned by Cincinnati as a peace officer or as a private police officer when he worked for the private company.

{¶ 7} At the conclusion of the hearing, the board voted three-to-one to deny Craig's protest. Reed is the only Democratic Party candidate for the 2008 election year.

## Expedited Election Case

{¶ 8} Nine days after the board's vote, on February 1, Craig filed this expedited election action for a writ of prohibition to prevent respondents, the board of elections and its members, from certifying Reed's candidacy for Scioto County Sheriff. The board submitted an answer in which it denied only two of the averments of the complaint. The parties filed evidence and briefs pursuant to the accelerated schedule in S.Ct.Prac.R. X(9). Buckeye State Sheriffs Association filed an amicus curiae brief in support of granting the writ.

{¶ 9} This cause is now before the court for our consideration.

## Laches

{¶ 10} The elections board and its members assert that this election case is barred by laches because of Craig's 11–day delay in submitting his protest to Reed's candidacy.

{¶ 11} If relators in election cases do not exercise the utmost diligence, laches may bar an action for extraordinary relief. See, e.g., *State ex rel. Fishman v. Lucas Cty. Bd. of Elections*, 116 Ohio St.3d 19, 2007-Ohio-5583, 876 N.E.2d 517, ¶ 6. "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 145, 656 N.E.2d 1277.

{¶ 12} The board of elections and its members are correct that an unjustified delay in submitting a protest in an election case can result in laches. See *Mason City School Dist. v. Warren Cty. Bd. of Elections*, 107 Ohio St.3d 373, 2005-Ohio-5363, 840 N.E.2d 147, ¶ 14. In *Mason*, however, there was a *90–day delay* in submitting a protest. By contrast, any delay by Craig in submitting his protest here was minimal.

{¶ 13} In fact, the board and its members admitted that Craig's protest was timely. Craig also introduced unrebutted evidence that he exercised extreme diligence in filing his protest.

{¶ 14} Moreover, "we generally require a showing of prejudice before we apply laches to bar a consideration of the merits of an election case." *State ex rel. Brinda v. Lorain Cty. Bd. of Elections*, 115 Ohio St.3d 299, 2007-Ohio-5228, 874 N.E.2d 1205, ¶ 11. "Normally, this prejudice in expedited election cases occurs because relators' delay prejudices respondents by making the case an expedited election case under S.Ct.Prac.R. X(9), which restricts respondents' time to prepare and defend against relators' claims, or impairs boards of elections' ability to prepare, print, and distribute appropriate ballots because of the expiration of the time for providing absentee ballots." *State ex rel. Willke v. Taft*, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 18.

{¶ 15} Any delay by Craig in filing his protest did not prejudice the board and its members. The board does not assert any prejudice. And even if Craig had filed his protest within a week after Reed filed his declaration of candidacy and nominating petition, this case would still have been an expedited election case, and the absentee-ballot deadline would still have passed before this case had been fully briefed. *Brinda*, 115 Ohio St.3d 299, 2007-Ohio-5228, 874 N.E.2d 1205, ¶ 12–13; R.C. 3509.01. Therefore, neither the elections board's ability to prepare and defend against Craig's prohibition claim nor its duty to make election ballots available to the electorate has been compromised by Craig. "This is thus a case

in which the statutory time limits would have expired even 'under the best of circumstances.' " *State ex rel. Choices for South–Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 28, quoting *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 369, 632 N.E.2d 883.

{¶ 16} Finally, the board and its members do not argue that Craig's action is barred by any delay in filing this case after the board denied his protest. Much of the nine-day period after the board's denial of the protest here resulted from Craig's diligent efforts to secure legal counsel to review the merits of a possible legal challenge to the decision. See *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 25.

{¶ 17} Therefore, laches does not bar our consideration of the merits of Craig's prohibition claim.

## Prohibition

{¶ 18} Craig requests a writ of prohibition to prevent the board of elections and its members from placing the name of Kenneth Ray Reed on the March 4, 2008 Democratic Party primary election ballot as a candidate for Scioto County Sheriff. To be entitled to the writ, Craig must establish that (1) the board of elections and its members are about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections*, 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 16.

## Admission by Failure to Deny

{¶ 19} For the first two requirements, "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Civ.R. 8(D); S.Ct.Prac.R. X(2) ("The Ohio Rules of Civil Procedure shall supplement these rules unless clearly inapplicable"); see also *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 593, 639 N.E.2d 1189 (applying Civ.R. 8(D) in a mandamus case to establish a clear legal right and clear legal duty).

{¶ 20} In his complaint, Craig specifically alleged that the board had exercised quasi-judicial power by denying his protest, that the exercise of this power was unauthorized by law, that the board abused its discretion and clearly disregarded applicable legal provisions, and that Reed's name should not be on the ballot because he is not qualified under R.C. 311.01(B)(9) to be a candidate for county sheriff. In its answer, the board did not specifically deny these averments and thus admitted them. Civ.R. 8(D); *Howard*, 70 Ohio St.3d at 593, 639 N.E.2d 1189.

{¶ 21} Moreover, even if the board had not admitted these allegations, Craig proved the first two requirements for the writ. Craig established the first requirement by proving that the board of elections exercised quasi-judicial authority by denying his protest after conducting a hearing that included sworn testimony. *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14 ("even if the board [has] already exercised its quasi-judicial power by denying [the] protest, relief in prohibition is still available to prevent the placement of names or issues on a ballot, as long as the election has not yet been held").

{¶ 22} Craig established the second requirement for the writ by showing that Reed did not meet the supervisory-experience requirement of R.C. 311.01(B)(9)(a). Notwithstanding his claim, Reed never served "as a peace officer at the rank of corporal or above" in the five-year period before the qualification date for the primary election. His employment as a peace officer during this period for the New Boston Police Department and the Scioto County Sheriff's Department was never at the rank of corporal or above. Reed's additional employment with the private security company he co-founded was not as a peace officer. See *Cincinnati ex rel. Cincinnati Private Police Assn. Co., Watchmen's Local No. 13130 v. Cincinnati* (1987), 40 Ohio App.3d 188, 532 N.E.2d 175 (private police officers are not considered peace officers when they are not both commissioned and employed by a political subdivision); *State v. Sinclair*, Delaware App. No. 04CAA11073, 2005-Ohio-4497, 2005 WL 2077942, ¶ 12 ("Ohio law distinguishes between private police officers such as security guards and private detectives, and peace officers employed by governmental entities").

{¶ 23} The board's reliance on the axiom of liberal construction of statutory limitations on the right to be an eligible candidate is misplaced because we must apply the plain language of R.C. 311.01(B)(9), which has an unequivocal and definite meaning. *Wellington v. Mahoning Cty. Bd. of Elections*, 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 420, ¶ 48, citing *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections* (2000), 88 Ohio St.3d 182, 186, 724 N.E.2d 771; *State ex rel. Watson v. Hamilton Cty. Bd. of Elections* (2000), 88 Ohio St.3d 239, 241–242, 725 N.E.2d 255.

### Adequate Remedy in the Ordinary Course of Law

{¶ 24} In its response to Craig's complaint, the board claimed that Craig has an adequate remedy at law. The board and its members also raise this point in their merit brief.

{¶ 25} This contention lacks merit. Given the closeness of the election date in this expedited election case, Craig lacks an adequate remedy in the ordinary course of law. *State ex rel. Brown v. Butler Cty. Bd. of Elections*, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 22; *State ex rel. Thurn v. Cuyahoga Cty. Bd.*

*of Elections* (1995), 72 Ohio St.3d 289, 291–292, 649 N.E.2d 1205, quoting *State ex rel. Smart v. McKinley* (1980), 64 Ohio St.2d 5, 6, 18 O.O.3d 128, 412 N.E.2d 393 ("Concerning the third prerequisite for a writ * * *, given the proximity of the election, an injunction would arguably not constitute an adequate remedy because any 'appellate process would last well past the election' "); see also *State ex rel. Toledo v. Lucas Cty. Bd. of Elections* (2002), 95 Ohio St.3d 73, 75, 765 N.E.2d 854.

{¶ 26} The board and its members cite *Tatman,* 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, in support of their contention that Craig has an adequate remedy. In *Tatman,* at ¶ 18, we held that an action for a prohibitory injunction in common pleas court provided an adequate remedy in the ordinary course of law that prevented a prohibition action because the pertinent election was *almost seven months away* when the elections board denied a protest to a sheriff's candidate's qualifications.

{¶ 27} *Tatman,* moreover, is inapplicable here because the pertinent election—the March 4, 2008 primary election—was only about a month and a half away when the board of elections denied Craig's protest challenging Reed's qualifications to be a candidate for county sheriff. The board requests that we create an exception for primary elections in which the challenged candidate is the only candidate, but we have never recognized such an exception. Such an adoption would leave prospective relators in the position of defending against claims that their actions have been rendered moot when the primary election has passed. Cf. *State ex rel. Hills Communities, Inc. v. Clermont Cty. Bd. of Elections* (2001), 91 Ohio St.3d 465, 467, 746 N.E.2d 1115 ("When the election has passed, as it has here, the action for extraordinary relief or an appeal from a judgment in the extraordinary-writ action is moot").

{¶ 28} If—as the board and its members concede—Reed is not a qualified sheriff's candidate, then they have a duty to remove his name from the primary election ballot *now,* and the proximity of that election renders injunction an inadequate remedy. See, e.g., *Brown, Thurn,* and *Smart.*

### Conclusion

{¶ 29} Based on the foregoing, Craig has established his entitlement to the requested extraordinary relief. Therefore, we grant a writ of prohibition to prevent the board of elections and its members from placing the name of Kenneth Ray Reed on the ballot as a candidate for the Democratic Party nomination for Scioto County Sheriff at the March 4, 2008 primary election.

Writ granted.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would deny the writ.

Downes, Hurst & Fishel, Marc A. Fishel, and David A. Riepenhoff, for relator.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Chadwick K. Sayre, Assistant Prosecuting Attorney, for respondents.

Robert L. Berry Co., L.P.A., and Robert L. Berry, urging granting of the writ for amicus curiae, Buckeye State Sheriffs Association.