THE STATE, EX REL. YOUNG, APPELLANT, *v.* GASSER, APPELLEE.

(No. 69-578—Decided March 25, 1970.)

254

*Messrs. Krugliak, Wilkins, Griffiths & Dougherty* and *Mr. David L. Simiele*, for appellant.
*Mr. William A. Kyler* and *Mr. H. T. Bowers*, for appellee.

SCHNEIDER, J. Young was elected in November 1964 as county engineer of Tuscarawas County for a term ending January 6, 1969. He ran for reelection as the Democratic party candidate for that office against Gasser as the Republican party candidate in the November 1968 general election. Gasser received the highest number of votes cast, assumed office, presumably on or shortly after the end of Young's elected term, and continues to exercise its functions.

The point of contention arises from the further facts that the original nominee of the Republican party, as designated in the May 1968 primary election, thereafter withdrew; that the executive committee of the Republican party of Tuscarawas County, pursuant to R. C. 3513.31, appointed Gasser as that party's candidate in the general election; and that Gasser had, in the words of the petition, "voted as a Democrat in the Tuscarawas County primary elections held in 1962, 1964 and 1966."

The foregoing are all the material and well-pleaded facts, from which both parties urge that a broad question arises as to the authority of a proper committee of a political party to fill a vacancy in a party nomination under R. C. 3513.31. Young contends that "a registered voting Democrat," as he characterizes Gasser in the petition, is not such a "person" (the only reference to qualification in R. C. 3513.31) as may be selected to fill the vacancy by a Republican committee. Gasser, on the other hand, maintains that the General Assembly has committed at least

the political qualifications of a person selected to fill a vacancy in a party nomination to the appropriate committee of that party as designated in the statute. Cf. *State, ex rel. Jeffers,* v. *Sowers,* 171 Ohio St. 295.

However, nothing is alleged as to Gasser's participation in the 1968 primary election or in any previous regular state (general) election. Thus, the only question squarely presented by this record is whether Gasser's participation in the previous Democratic primary elections mentioned prevented his selection to fill the vacancy in the Republican party nomination. We answer that question in the negative.

Although Young advances as a proposition of law that "for the purpose of testing the legal sufficiency of a pleading under demurrer, liberal construction requires a court to indulge every reasonable inference for the facts alleged," the rule is limited to facts well pleaded. The difficulty here is that the vernacularism "registered voting Democrat," as applied to Gasser, or anyone else for that matter, has no legal import under our election laws.

A registered elector Gasser is, but nowhere in R. C. 3503.01 *et seq.,* or elsewhere in the statutes, is anyone authorized to record his declared party affiliation or primary voting preference in connection with his registration.

Moreover, the sole statutory tests for party membership or affiliation, as contained in R. C. 3513.19,[1] are (1)

---

[1] R. C. 3513.19:

"At a primary election every qualified elector who is twenty-one or more years of age, or who will be twenty-one or more years of age on or before the day of the next general election, and who is a member of or is affiliated with the political party whose primary election ballot he desires to vote, shall be entitled to vote such ballot at such primary election. It is the duty of any witness or challenger and of any judge or clerk of elections and the right of any elector, whenever he doubts that a person attempting to vote at a primary election is legally entitled to vote at such election, to challenge the right of such person to vote. The right of a person to vote at a primary election may be challenged upon the following grounds:

"(A) That the person whose right to vote is challenged is not a legally qualified elector;

as to one who voted in a regular state election, his sworn statement that at the next preceding such election he voted for a majority of the candidates of that political party of which he claims to be a member and with which he claims to be affiliated; and (2) as to one who never voted in a regular state election, his sworn statement of that fact and his desire to be a member of and affiliated with a chosen political party.

Thus, Gasser's political affiliation is to be determined, not by his previous primary election participation, but from his previous regular state election participation, if any.

From the allegation that Gasser is a "registered voting Democrat" we would be required to infer, for the purpose of reaching the question to which Young seeks the answer, that Gasser voted at a previous regular state election and that at the next previous state election at which he voted, he voted for a majority of candidates of the Democratic party. Those allegations could have been made upon information and belief and the demurrer would have admitted them, or Gasser could have traversed them. But in the face of a specific allegation only as to Gasser's primary voting record, we cannot infer any activity on his part in a regular state election.

---

"(B) That he has received or has been promised some valuable reward or consideration for his vote;

"(C) That he is not affiliated with or is not a member of the political party whose ballot he desires to vote.

"Membership in or political affiliation with a political party shall be determined, as to one who has voted in a previous regular state election, by his sworn statement as to how he voted in the next preceding regular state election at which he voted. If he states under oath that at the next preceding regular state election at which he voted, he voted for a majority of the candidates of that political party of which, at the time of the challenge, he claims to be a member, or with which he then claims to be affiliated, he shall be deemed to be a member of and affiliated with such political party. If a person states under oath that he has not voted at a previous regular state election and that he desires to be a member of and affiliated with a particular political party, he shall be deemed to be a member of and affiliated with such political party."

If he never voted at such an election, his party affiliation or membership is that which he desires it to be from time to time. On the other hand, if he voted for a majority of candidates of one political party at the next preceding such election at which he voted, his membership in and affiliation with that political party would have been subject to proof without regard to his primary election activity. But his oath to that effect apparently may be required only if he were challenged as a primary voter (R. C. 3513.-19), as a candidate in a party primary election, or as a circulator or a signer of such a candidate's petition. (R. C. 3513.07.)

We can only hold in this case, therefore, that when a vacancy occurs in a party nomination under the conditions prescribed by R. C. 3513.31, the appropriate committee of the political party which made the nomination, as designated by that statute, may fill the vacancy by selecting a person without regard to his voting record or participation in any previous party primary election.

Young faults this result as being offensive to a construction of R. C. 3513.01 et seq., in pari materia. He insists that unreasonable and absurd consequences are produced because Gasser, having voted in the Democratic primary elections of 1962, 1964 and 1966, could not have been a candidate for the Republican nomination for county engineer at the 1968 primary election by reason of R. C. 3513.-191.[2] Of course, by the same logic, it is quite as absurd and unreasonable that if Gasser had voted as a Democrat in the primary of 1964 and previously thereto, but as a Republican in the primary of 1966, and for a majority of Republican candidates at every regular state election at which he voted and had even signed a circulated petition for Republican candidates for nomination at the 1966 and 1968 primaries, R. C. 3513.191 would by its terms

---

[2] R. C. 3513.191:

"No person shall be a candidate for nomination or election at a party primary if he voted as a member of a different political party at any primary election within the next preceding four calendar years."

258

have prevented him from being a candidate for nomination or election to any office at the Republican 1968 primary election.

If that is at least anomalous, which we do not decide, it arises not from a reading of R. C. 3513.01 *et seq.* in *pari materia*, but solely from R. C. 3513.191, the validity or reasonableness of which is not here questioned and the provisions of which were first enacted in 1953 as an appendage to the mass of provisions contained in R. C. 3513.01 *et seq.*

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., O'NEILL, HERBERT and DUNCAN, JJ., concur.

CORRIGAN, J., dissents.

MATTHIAS, J., not participating.