THE STATE, EX REL. NAGIN, *v.* CELEBREZZE, JR.,
SECY. OF STATE. (TWO CASES.)

[Cite as State, ex rel. Nagin, v. Celebrezze, Jr. (1980),
63 Ohio St. 2d 323.]

(Nos. 80-603 and 80-604—Decided September 18, 1980.)

324

Mr. *Eugene S. Bayer*, Mr. *Roy M. Kaufman* and Mr. *Nelson G. Karl*, for relator.

Mr. *William J. Brown*, attorney general, and Mr. *Thomas V. Martin*, for respondent.

*Per Curiam.* The general rule in Ohio is that election statutes are mandatory and must be strictly complied with. See, *e.g., State, ex rel. Senn*, v. *Bd. of Elections* (1977), 51 Ohio St. 2d 173, 174; *State, ex rel. Abrams*, v. *Bachrach* (1963), 175 Ohio St. 257, 259. Relying on this construction, respondent refused relator's filings because the original statements of candidacies were not filed simultaneously with the nominating petitions.

Although strict compliance with the election laws is a necessity, this should not be construed to require more than the statutes themselves mandate. In *State, ex rel. Leslie*, v. *Duffy* (1955), 164 Ohio St. 178, 183-184, this court stated that "it is essential, of course, to protect the purity of elections, the cornerstone of free institutions. However, * * * courts should be careful not to read requirements into election laws which are not specifically there.

" * * * [W]here a proposed candidate strictly follows all the requirements stated in the statute governing the candidacy, he is not required to do things required by another statute concerned with a different class of candidates."

R. C. 3513.257 requires that prospective independent joint candidates for Governor and Lieutenant Governor shall file a statement of candidacy and a nominating petition "as one instrument." That statute does not require the filing "as one instrument" of petitions for an independent candidacy for President, Vice-President or Senator. Cf. R. C. 3513.05;

*State, ex rel. Senn,* v. *Bd. of Elections, supra.* Respondent erred in requiring more of relator than the statute mandates.

Respondent's reliance on *State, ex rel. Hawkins,* v. *Board of Elections* (1971), 28 Ohio St. 2d 4, is factually misplaced. The relator in *Hawkins* never timely filed the original statement of candidacy. *Hawkins* held that the timely filing of the original statement of candidacy is required by R. C. 3513.261. Relator in the instant actions complied with that requirement.[4]

For the foregoing reasons, respondent's motions to dismiss are overruled and the writs of mandamus are allowed.

*Writs Allowed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and DOWD, JJ., concur.

HOLMES, J., not participating.

---

[4] Respondent argues that "R. C. 3501.38 (I) prohibits any changes in or additions to the petition after it has been filed." We find that section to be inapplicable under the facts of these cases.