THE STATE EX REL. ALLEN ET AL. *v.* WARREN
COUNTY BOARD OF ELECTIONS ET AL.

**[Cite as *State ex rel. Allen v. Warren Cty. Bd. of Elections,*
115 Ohio St.3d 186, 2007-Ohio-4752.]**

(No. 2007–1291—Submitted September 11, 2007—Decided September 17, 2007.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel a board of elections and its members to accept and certify the nominating petitions of certain candidates for municipal court judge and to place the candidates' names on the November 6, 2007 election ballot. Because the board of elections abused its discretion and clearly disregarded applicable law by refusing to certify relators' nonpartisan candidacies for municipal court judge based on an advisory opinion and authorities that apply to independent candidates rather than nonpartisan candidates, we grant the writ.

{¶ 2} On or before May 7, 2007, relators, Mitchell W. Allen, James A. Whitaker Jr., and George M. Parker, filed nominating petitions to become nonpartisan candidates for Mason Municipal Court judge at the November 6, 2007 general election. Relators' nominating petitions were completed properly without any irregularities, and the petitions contained a sufficient number of valid signatures for relators to be candidates for Mason Municipal Court judge. The petition forms that relators completed contained no declaration that they were unaffiliated with any political party.

{¶ 3} Relators also satisfied the R.C. 1901.06 statutory qualifications to be a municipal court judge—each is a qualified elector and resident of the territory of the Mason Municipal Court, each is admitted to the practice of law in Ohio, and each has engaged in the practice of law in Ohio for at least six years preceding the commencement of the term of office for which he is requesting to be a candidate.

{¶ 4} Relators are registered Republicans, and each participated in the May 8, 2007 Republican primary election.

{¶ 5} On July 3, respondent Warren County Board of Elections held a regular meeting at which it voted not to certify the validity of relators' candidate petitions. The board based its decision "upon Secretary of State Advisory Opinion No. 2007–05 and cases cited therein" because after relators filed to be candidates for municipal court judge, they voted in the Republican primary election. Relators thereafter received letters from the board notifying them of the board's decision.

{¶ 6} On July 17, relator Allen filed this action for a writ of mandamus. A few days later, relators, Allen, Whitaker, and Parker, filed an amended complaint for a writ of mandamus to compel respondents, the Warren County Board of Elections and its members, to accept and certify their nominating petitions and to place their names on the November 6 general election ballot as candidates for judge of the Mason Municipal Court. Allen also filed requests for expedited review and oral argument. The board and its members filed an answer to the amended complaint and a motion for judgment on the pleadings. We granted an alternative writ and ordered an expedited briefing and evidence schedule.

{¶ 7} This cause is now before the court for our consideration of the merits.

### Mandamus

{¶ 8} To be entitled to the requested writ of mandamus, relators must establish a clear legal right to certification of their candidacies and placement of their names on the November 6 election ballot, a corresponding clear legal duty on the part of the board of elections and its members to certify their candidacies and place their names on the ballot, and the lack of an adequate remedy in the ordinary course of the law. *Rust v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶ 7. Given the proximity of the November 6 election, relators lack an adequate remedy in the ordinary course of law. *State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections,* 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 29.

{¶ 9} For the remaining requirements, to establish the requisite legal right and legal duty, relators "must prove that the board of elections engaged in fraud, conspiracy, abuse of discretion, or clear disregard of statutes or other pertinent law." *Rust* at ¶ 8; *State ex rel. Valore v. Summit Cty. Bd. of Elections* (1999), 87 Ohio St.3d 144, 145, 718 N.E.2d 415.

{¶ 10} Relators claim that the board of elections abused its discretion and clearly disregarded applicable law by relying on Secretary of State Advisory Opinion No. 2007–05 and cases cited therein to reject relators' candidacies for Mason Municipal Court judge. In her advisory opinion, the secretary advised all

county boards of elections that—based on *Morrison v. Colley* (C.A.6, 2006), 467 F.3d 503—R.C. 3513.257 requires that (1) "an independent candidate actually be unaffiliated, or disaffiliated, from any political party" and (2) "the required claim of unaffiliation by an independent candidate must be made in good faith." Secretary of State Advisory Opinion. No. 2007–05, 3.

{¶ 11} The secretary of state further specified:

{¶ 12} "Absent direction from the General Assembly or a court, this office is attempting to provide some guidance on this matter to the boards of elections. Thus:

{¶ 13} "If an independent candidate votes in a party primary election after filing as an independent, the candidate is not actually unaffiliated, and the candidate's claim of independence was not made in good faith or is no longer current, and

{¶ 14} "If an independent candidate was on a political party's central or executive committee at the time he or she filed as an independent candidate, or becomes such a committee member at any time during his or her independent candidacy, the candidate is not actually unaffiliated, and the candidate's claim of independence was either not made in good faith or is no longer current." Id. at 3–4.

{¶ 15} In *Morrison*, the United States Court of Appeals for the Sixth Circuit affirmed the denial of a prospective candidate's applications for injunctive relief to prevent a board of elections and its members from excluding him from an election ballot as an independent candidate for federal congressional representative. The court of appeals held that the prospective candidate's claim of party nonaffiliation had to be made in good faith when he filed his independent-candidacy petition. The court determined that that claim was not made in good faith, because the filer had voted in the Republican primary election the day after he filed his petitions and had been certified as a candidate in the Republican primary for state and county Republican Party central committee positions. 467 F.3d 503.

{¶ 16} The board in the instant case relied on the advisory opinion and *Morrison* to decide not to certify relators' candidacies because after filing nominating petitions to be nonpartisan candidates for municipal court judge, the relators voted in the May 8 Republican primary election. See R.C. 3501.11(P) (each board of elections shall perform duties "prescribed by law or the rules, directives, or advisories of the secretary of state"); but, cf., *In re Election of Member of Rock Hill Bd. of Edn.* (1996), 76 Ohio St.3d 601, 609–610, 669 N.E.2d 1116 (board of elections could not rely on secretary of state advisory opinion that erroneously interpreted election statute).

{¶ 17} The board erred in relying on the advisory opinion because relators are nonpartisan candidates rather than independent candidates for judge. Independent candidates must claim "not to be affiliated with a political party." R.C. 3501.01(I). Nonpartisan candidates have no comparable requirement. R.C. 3501.01(J). R.C. 1901.07(B) specifies that candidates for municipal court judge may generally be nominated either by nominating petition or by primary election, provided that the court's jurisdiction extends beyond the corporate limits of the municipal corporation in which the court is located. This provision authorizes nonpartisan candidacies for the Mason Municipal Court, whose jurisdiction includes Deerfield Township in Warren County. R.C. 1901.02(B).

{¶ 18} Although under R.C. 1901.07(B) nonpartisan candidates for municipal court judge must have their petitions "conform to the requirements provided for those petitions of candidacy contained in section 3513.257 of the Revised Code," which governs petition requirements for independent candidates, nothing in R.C. 3513.257 requires that nonpartisan candidates be unaffiliated or disaffiliated from a political party. *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections,* 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 33. Moreover, neither the advisory opinion nor *Morrison* specifies that it applies to nonpartisan, as opposed to independent, candidates. See id.

{¶ 19} In effect, the board of elections and its members demanded that relators comply with a nonaffiliation requirement applicable to independent candidates when that requirement is not imposed by statute on nonpartisan candidates like relators. The board and its members abused their discretion and clearly disregarded applicable law by doing so. " '[W]here a proposed candidate strictly follows all the requirements stated in the statute governing the candidacy, [the candidate] is not required to do things required by another statute concerned with a different class of candidates.' " *State ex rel. Nagin v. Celebrezze* (1980), 63 Ohio St.2d 323, 325, 17 O.O.3d 391, 410 N.E.2d 762, quoting *State ex rel. Leslie v. Duffy* (1955), 164 Ohio St. 178, 183–184, 57 O.O. 371, 129 N.E.2d 632.

{¶ 20} Finally, the board's position is also inconsistent with our directive that words limiting the right of a person to hold office should be liberally construed in favor of those seeking to hold office, in order that the public may have the benefit of choosing from all persons who are qualified. *State ex rel. Altiere v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 164, 165, 602 N.E.2d 613.

{¶ 21} Based on the foregoing, relators have established that they are entitled to the requested extraordinary relief in mandamus. Therefore, we grant a writ of mandamus to compel the board and its members to accept and certify relators' candidacies and place their names on the November 6, 2007 general election ballot as candidates for judge of the Mason Municipal Court. This result is consistent with our recent decision in *Reese.* We deny relator Allen's request for

oral argument, because the parties' briefs and evidence are sufficient to resolve the issues raised in this case. *State ex rel. Davis v. Pub. Emps. Retirement Bd.,* 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 16.

Writ granted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

The Law Firm of Curt C. Hartman and Curt C. Hartman, for relators Mitchell W. Allen and Jim Whitaker Jr.

George M. Parker, pro se.

Rachel A. Hutzel, Warren County Prosecuting Attorney, and Keith W. Anderson, Assistant Prosecuting Attorney, for respondents.