THE STATE EX REL. COUGHLIN *v.* SUMMIT COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Coughlin v. Summit Cty. Bd. of Elections,*

136 Ohio St.3d 371, 2013-Ohio-3867.]

*Mandamus—Writ to compel board of elections to place a name on general-election ballot for municipal clerk of court—Candidate on nonpartisan ballot is not required to disaffiliate from party—Writ granted.*

(No. 2013-1264—Submitted August 30, 2013—Decided September 9, 2013.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action by relator, Kevin J. Coughlin, for a writ of mandamus to compel respondent, the Summit County Board of Elections, to place his name on the November 5, 2013 ballot as a candidate for Stow Municipal Court clerk of courts. Because the board disregarded clearly established law by refusing to place Coughlin's name on the ballot, we grant the writ.

**Facts**

{¶ 2} On May 6, 2013, one day before the primary, Coughlin filed a nominating petition to run for the office of clerk of courts for the Stow Municipal Court in the November 5, 2013 general election. The parties agree that Coughlin is a qualified elector and satisfies the statutory requirements to run for the Stow Municipal Court clerkship.

{¶ 3} On July 11, 2013, an elector named Donald Nelsch filed a protest against Coughlin's nominating petition. The protest letter challenged Coughlin's ability to run as either a nonpartisan or independent candidate by setting out Coughlin's long history of association with the Republican Party. The letter

alleged that Coughlin had taken no steps to disaffiliate from the Republican Party before submitting his nominating petition.

{¶ 4} Coughlin responded in writing and at the board's July 15, 2013 protest hearing. Coughlin argued that he was running as a nonpartisan candidate, not an independent candidate, and that the requirement of disaffiliation applies only to independent candidates.

{¶ 5} At the close of the hearing, the board voted unanimously to sustain the protest and deny Coughlin's petition.

{¶ 6} Coughlin commenced this expedited election action for a writ of mandamus on August 8, 2013, to compel the board to place his name on the general-election nonpartisan ballot. The board has filed an answer, and the parties have filed briefs under the accelerated schedule in S.Ct.Prac.R. 12.08(A).

{¶ 7} This cause is now before the court for consideration of the merits.

**Analysis**

*Preliminary Matters*

{¶ 8} At the outset, we reject the board's claim that this action is barred by laches. Laches may bar relief in an election-related matter if the person seeking relief fails to act with " 'requisite diligence.' " *State ex rel. Voters First v. Ohio Ballot Bd.*, 133 Ohio St.3d 257, 2012-Ohio-4149, 978 N.E.2d 119, ¶ 16, quoting *Smith v. Scioto Cty. Bd. of Elections*, 123 Ohio St.3d 467, 2009-Ohio-5866, 918 N.E.2d 131, ¶ 11.

{¶ 9} "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995).

{¶ 10} The board of elections denied Coughlin's petition on July 15, 2013. According to the board, an audiotape of the proceedings was available to

Coughlin by July 23, 2013, and a written transcript was available by August 2, 2013. The board alleges that Coughlin did not act diligently because he did not file suit until August 8, 2013.

**{¶ 11}** The board claims that it has suffered prejudice as a result of Coughlin's delay because August 8, 2013, was less than 90 days from the November 5, 2013 election, so the case fell under the expedited election provisions of S.Ct.Prac.R. 12.08. This court has held that the element of prejudice is satisfied where the delay causes the case to become an expedited election case, which restricts the time the board of elections has to prepare and defend the case. *State ex rel. Willke v. Taft*, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 18.

**{¶ 12}** However, the board's own evidence demonstrates that Coughlin did act diligently. He made a public-records request for a transcript of the board hearing on July 16, 2013, the day after the hearing. The board did not notify Coughlin that the transcript was ready until August 1, 2013. He picked up the transcript the next day, Friday, August 2, 2013, and filed his complaint four business days later.

**{¶ 13}** Although the board characterizes Coughlin's actions as a three-week delay, most of that delay is attributable to the board. Even in the elections context, a delay in filing may be reasonable when a relator is diligently trying to obtain documents from a board of elections. *State ex rel. Owens v. Brunner*, 125 Ohio St.3d 130, 2010-Ohio-1374, 926 N.E.2d 617, ¶ 18.

**{¶ 14}** The chronology of events does not demonstrate a deliberate plan to delay filing until less than 90 days before the election. Rather, the timing of the complaint was dictated by the board of elections, which took more than two weeks to provide the necessary transcript. To the extent the board now claims it has been prejudiced, it must bear much of the responsibility for that delay.

**{¶ 15}** Laches does not bar this claim. Coughlin acted with diligence by promptly demanding a certified transcript and filing suit five business days after the transcript became available. This result is consistent with the " 'fundamental tenet of judicial review in Ohio,' " which is " 'that courts should decide cases on their merits.' " *Voters First*, 133 Ohio St.3d 257, 2012-Ohio-4149, 978 N.E.2d 119, ¶ 21, quoting *State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 505, 756 N.E.2d 1228 (2001).

**{¶ 16}** We likewise reject the board's assertion that Coughlin's claim is barred by unclean hands. The doctrine of unclean hands requires a showing that the party seeking relief engaged in reprehensible conduct with respect to the subject matter of the action. *Goldberger v. Bexley Properties*, 5 Ohio St.3d 82, 84-85, 448 N.E.2d 1380 (1983). The board argues that Coughlin should not be able to take advantage of legislation he drafted while serving in the General Assembly. We reject the board's argument that it is reprehensible conduct for Coughlin to rely on a duly enacted statute in later litigation.

*Mandamus*

**{¶ 17}** For a writ of mandamus to issue, Coughlin must establish a clear legal right to have his name placed on the November 5, 2013 ballot, a corresponding clear legal duty on the part of the board of elections and its members to place his name on the ballot, and the lack of an adequate remedy at law. *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 8. Coughlin must prove these requirements by clear and convincing evidence. *State ex rel. Orange Twp. Bd. of Trustees v. Delaware Cty. Bd. of Elections*, 135 Ohio St.3d 162, 2013-Ohio-36, 985 N.E.2d 441, ¶ 14.

**{¶ 18}** Because of the proximity of the November 5 election, and specifically the September 21, 2013 deadline for finalizing UOCAVA ballots,[1] Coughlin has established that he lacks a remedy in the ordinary course of the law. *State ex rel. Ohio Liberty Council v. Brunner*, 125 Ohio St.3d 315, 2010-Ohio-1845, 928 N.E.2d 410, ¶ 27.

*Clear Legal Right and Clear Legal Duty*

**{¶ 19}** Coughlin claims that the board disregarded applicable law by refusing to place his name on the November 5, 2013 nonpartisan ballot for municipal court clerk.

**{¶ 20}** R.C. 1901.31 sets forth the duties of a municipal court clerk and the manner by which candidates are nominated and elected. In most jurisdictions, including Stow, candidates for the office of clerk of courts must be nominated and elected in the same manner as provided in R.C. 1901.07 for the nomination and election of municipal court judges. R.C. 1901.31(A)(1)(a).

**{¶ 21}** Candidates for municipal court judge must appear on a nonpartisan ballot in the general election. R.C. 1901.07(A). Thus, by operation of R.C. 1901.31(A)(1)(a), the names of candidates for municipal clerk of courts must also appear on a nonpartisan ballot in a general election.

**{¶ 22}** Candidates for municipal court judge or clerk of courts may be nominated in one of two ways: either by nominating petition or by primary election. R.C. 1901.07(B). Each method has a different filing deadline. Candidates seeking nomination through primary election must file declarations of candidacy and petitions no later than the 90th day before the primary election. *Id*. Candidates seeking nomination by way of nominating petitions must file their

---

1. Pursuant to R.C. 3511.04(B), the board of elections must begin providing absent-voter ballots upon request to certain uniformed service members, their families, and other citizens under the Uniformed and Overseas Citizens Absentee Voters Act ("UOCAVA") no later than 45 days before the general election.

nominating petitions no later than the day before the primary. *Id.* Coughlin employed the latter deadline.

{¶ 23} The Nelsch protest letter argued that Coughlin could not in good faith hold himself out as an independent or nonpartisan because he had not ceased conducting himself as a Republican. Nelsch alleged that Coughlin was merely trying to avoid running in the Republican primary. The board of elections sustained the protest and denied Coughlin's petitions.

{¶ 24} We begin by discussing the difference between nonpartisan and independent. These two terms are not synonymous.

{¶ 25} R.C. 3505.04 provides that the names of nonpartisan candidates for election to certain offices, including judicial office, shall be printed on a portion of the ballot designated as the "nonpartisan ballot." Political-party designations are not permitted on the nonpartisan ballot. R.C. 3505.04, eighth paragraph. A "nonpartisan" candidate is simply any candidate whose name is required by R.C. 3505.04 to be listed on the nonpartisan ballot. R.C. 3501.01(J).

{¶ 26} The Revised Code defines an "independent" candidate as "any candidate who claims not to be affiliated with a political party, and whose name has been certified on the office-type ballot at a general or special election through the filing of a statement of candidacy and nominating petition, as prescribed in section 3513.257 of the Revised Code." R.C. 3501.01(I). If an affiliated candidate wishes to run as an independent, the candidate must disaffiliate in good faith from his or her political party. *Morrison v. Colley*, 467 F.3d 503 (6th Cir.2006).

{¶ 27} Unlike independent candidates, candidates for nonpartisan office are not required to disaffiliate from political parties. *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 18.

{¶ 28} In simple terms, "nonpartisan" describes an *office*, a *ballot*, or a *race*, nonaffiliation (i.e., being an independent) is a characteristic of *candidates*, and party affiliation is a characteristic of *candidates* and *voters*.[2]

{¶ 29} R.C. 3501.01(I) requires independent candidates to meet the requirements for nominating petitions in R.C. 3513.257. R.C. 3513.257 contains requirements such as the number of valid signatures necessary on a qualifying petition and the location where petitions are to be filed.

{¶ 30} Petitions submitted by candidates for municipal court judge must also meet the requirements of R.C. 3513.257. R.C. 1901.07(B). And therefore, by operation of R.C. 1901.31(A)(1)(a), candidates for clerk of court must also meet these requirements.

{¶ 31} Thus, the board argues, since R.C. 3513.257 governs the petitions of independent candidates, who must disaffiliate in order to run, and since candidates for clerk must also satisfy R.C. 3513.257, it follows that clerk candidates must be disaffiliated independents.

{¶ 32} However, R.C. 3513.257 does not create the disaffiliation requirement. The obligation of independents to disaffiliate exists as part of the statutory definition of an independent in R.C. 3501.01(I). There is no provision in the Revised Code extending that disaffiliation requirement to candidates for nonpartisan office.

---

2. A voter cannot register as an independent, except in the negative sense of not voting in partisan primaries or signing partisan nominating petitions. The Revised Code contains no provision for declaring party affiliation when one registers to vote, *State ex rel. Young v. Gasser*, 21 Ohio St.2d 253, 255, 257 N.E.2d 389 (1970), and the registration forms do not contain a space for that information. Rather, party affiliation or membership is "that which [the voter] desires it to be from time to time." *Id.* at 257. Essentially, being "registered" as a Republican or Democrat means nothing more than voting in that party's primary, because the local boards of elections keep records of that information.

Although under R.C. 1901.07(B) nonpartisan candidates for municipal court judge must have their petitions "conform to the requirements provided for those petitions of candidacy contained in section 3513.257 of the Revised Code," which governs petition requirements for independent candidates, nothing in R.C. 3513.257 requires that nonpartisan candidates be unaffiliated or disaffiliated from a political party.

*Allen*, 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 18.

{¶ 33} As this court recognized in *Allen*, the fact that a candidate must follow the same petition procedures as an independent candidate does not mean that the candidate *is* an independent.

{¶ 34} Therefore, based on *Allen*, the board of elections erred when it sustained the protest against Coughlin's declaration of candidacy.

{¶ 35} The board disputes Coughlin's contention that R.C. 1901.31(A)(1)(a) makes the procedures for nominating and electing clerks of court the same in all respects as those for nominating and electing municipal judges. However, the board does not explain which procedures in R.C. 1901.07 are applicable to clerk candidates, which aspects are not applicable, and why. And specifically, the board does not explain why the two methods of nomination, and their respective deadlines, are not part of the "manner" of nominating municipal judges.

{¶ 36} The Summit County Board of Elections disregarded clearly established law when it concluded that Coughlin had to disaffiliate or else seek nomination through a partisan primary and that therefore his nominating petition was untimely. For this reason, Coughlin has a clear legal right to have his name on the ballot, the board has a clear legal duty to place his name on the ballot, and, given the proximity of the election, Coughlin has no adequate remedy at law.

8

**Conclusion**

**{¶ 37}** Based on the foregoing, Coughlin has established his entitlement to the requested extraordinary relief. We grant a writ of mandamus to compel the Summit County Board of Elections to place his name on the November 5, 2013 nonpartisan ballot as a candidate for Stow Municipal Court Clerk of Courts.

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Donald S. Varian Jr., for relator.

Sherry Bevan Walsh, Summit County Prosecuting Attorney, John F. Galonski, Deputy Chief, Civil Division, and Joseph M. Fantozzi, Chief Assistant Prosecuting Attorney, for respondent.

_____