**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*State ex rel. Richards v. Stark Cty. Bd. of Elections,* **Slip Opinion No. 2015-Ohio-3658.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3658

THE STATE EX REL. RICHARDS ET AL. *v*. STARK COUNTY

BOARD OF ELECTIONS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Richards v. Stark Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-3658.]**

*Elections—Prohibition—R.C. 3513.257—Action to prevent independent candidate from running for office—Candidate's declaration of independent status must be made in good faith—Writ denied.*

(No. 2015-1297—Submitted September 1, 2015—Decided September 9, 2015.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an expedited election case in which the relators seek a writ of prohibition to prevent respondents, Ohio Secretary of State Jon Husted and the Stark County Board of Elections, from placing the name of intervening

respondent, Francis H. Cicchinelli Jr., on the November 2015 ballot as an independent candidate for mayor of Massillon. We deny the writ.

*Background*

{¶ 2} Cicchinelli has a long history as a Democratic Party candidate and officeholder in the city of Massillon. This history includes serving 14 years as a Democrat on the Massillon City Council and six terms as the Democratic mayor of Massillon.

{¶ 3} On April 29, 2015, Cicchinelli began circulating petitions to run for mayor in the November election as an independent candidate. A candidate who wishes to run as an independent must file a statement of candidacy and nominating petitions with the board of elections no later than 4:00 p.m. the day before the primary. R.C. 3513.257. Implicit in the submission of these documents is the candidate's declaration that he or she is independent; that declaration must be made in good faith. *State ex rel. Davis v. Summit Cty. Bd. of Elections*, 137 Ohio St.3d 222, 2013-Ohio-4616, 998 N.E.2d 1093, ¶ 17, 28; *Morrison v. Colley*, 467 F.3d 503, 509 (6th Cir.2006).

{¶ 4} Cicchinelli filed his papers, which declared his independent candidacy, on May 4, 2015. The next day, May 5, Cicchinelli cast a nonpartisan ballot in the primary election.

{¶ 5} On June 16, 2015, four protesters filed a protest of Cicchinelli's candidacy with the Stark County Board of Elections.[1] The board of elections conducted a protest hearing on July 13, 2015, at the end of which the members deadlocked two-to-two on the protest. On July 31, 2015, Secretary of State Husted broke the tie in favor of certifying Cicchinelli's independent candidacy for the November ballot.

---

[1] The names of two protesters, Shaddrick Stinson and Tony Townsend, were later removed from the protest. Stinson testified that his name was placed on the protest without his knowledge or consent. His testimony suggests that the same was true of Townsend, but the testimony is not totally clear.

**{¶ 6}** The two remaining protesters, relators Robert L. Richards and Melvin T. Schartiger, then filed suit in this court for a writ of prohibition to prevent Husted and the board of elections from placing Cicchinelli's name on the ballot. Cicchinelli was granted leave to intervene as a respondent and filed an answer, but he failed to file a merit brief. The case is otherwise fully briefed and ripe for decision.

*Legal Analysis*

**{¶ 7}** To prevail in their protest, the protesters had to prove by clear and convincing evidence that Cicchinelli's declaration was not made in good faith. *State ex rel. Monroe v. Mahoning Cty. Bd. of Elections*, 137 Ohio St.3d 62, 2013-Ohio-4490, 997 N.E.2d 524, ¶ 25. And in an extraordinary-writ action challenging a decision of the secretary of state, the standard is whether the secretary of state engaged in fraud, corruption, or abuse of discretion or acted in clear disregard of applicable law. *State ex rel. Lucas Cty. Republican Party Executive Commt. v. Brunner*, 125 Ohio St.3d 427, 2010-Ohio-1873, 928 N.E.2d 1072, ¶ 9.

**{¶ 8}** The protesters have abandoned the theories they advanced in the protest hearing. Instead, their action rests entirely on a set of responses that Cicchinelli gave when he was questioned by the protesters' attorney at the hearing:

> Q.  * * * Mr. Cicchinelli, could you please tell this Board of Elections, what is the date that you claim you were first an Independent?
>
> A.  Technically, it would be the May primary, when I voted non-issues—or nonpartisan ballot.
>
> Q.  That would have been—the May primary would have been, I believe, May 5th—

A.     The 5th.

Q.     —Tuesday, May 5th, sir?

A.     Yes.

According to the protesters, Cicchinelli admitted in this exchange that he did not regard himself as an independent until May 5, 2015.  From this, they conclude that his claim of independence could not have been made in good faith and therefore that Husted abused his discretion by disregarding this clear, convincing, and unrebutted evidence.

{¶ 9} We disagree.  The answer was ambiguous because the question was imprecise.  The protesters interpret Cicchinelli's answer as indicating the date when he first *considered* himself an independent, but that is not the question that was asked.  Rather, the question asked Cicchinelli for "the date that you claim you *were* first an Independent."  (Emphasis added.)

{¶ 10} And his response, that *technically* it was the day he voted a nonpartisan ballot, suggests he may have understood the question in a different, more legalistic fashion.  This court has noted that "[a] voter cannot register as an independent, except in the negative sense of not voting in partisan primaries or signing partisan nominating petitions."  *State ex rel. Coughlin v. Summit Cty. Bd. of Elections*, 136 Ohio St.3d 371, 2013-Ohio-3867, 995 N.E.2d 1194, ¶ 28, fn. 2.  Based on that language, one could reasonably conclude that an elector "technically" becomes an independent by the act of casting a nonpartisan primary ballot.

{¶ 11} The testimony of Joy Cicchinelli, Francis Cicchinelli's wife, is equally ambiguous and adds nothing to the analysis.  Counsel for the protesters asked her, "Did you have an understanding of when it was that your husband was an Independent?"  She replied, "My husband was an Independent when he, the day of the primary, became an Independent."  No one asked Mrs. Cicchinelli for

4

the basis for her "understanding" or what she thought it meant to say that her husband became an independent on a particular day.

{¶ 12} Ambiguous responses to ambiguous questions cannot constitute *clear and convincing* evidence. The protesters, who bore the burden of proof, could have asked Cicchinelli to explain his meaning or used the precise question to which they wanted an answer, but they chose not to do either thing. It was therefore not an abuse of discretion for the secretary of state to conclude that the protesters failed to meet their burden of proof.

{¶ 13} Alternatively, the protesters assert that Husted committed an error of law. Their argument is premised on this court's statement in *Davis* that R.C. 3513.257 requires that "a candidate must declare her lack of affiliation in good faith, not that she take affirmative action to disaffiliate in order to prove her good faith." *Davis*, 137 Ohio St.3d 222, 2013-Ohio-4616, 998 N.E.2d 1093, at ¶ 28. In *Davis*, the board of elections rejected the candidacy of an independent candidate on the grounds that she had not taken sufficient affirmative steps to disaffiliate from the Democratic Party. *Id*. at ¶ 27. This court reversed, holding that R.C. 3513.257 does not necessarily require a candidate to take affirmative steps to disaffiliate in order to prove her good faith. *Id*. at ¶ 28.

{¶ 14} Citing *Davis*, the protesters argue that their burden was to prove that Cicchinelli's claim of independence (i.e., lack of affiliation) was made in bad faith, *not* that his disaffiliation from the Democratic Party was made in bad faith. And they claim that Husted imposed the wrong burden of proof upon them in his tie-breaking letter, in which he wrote:

> [A] recitation of past political activity does not impart a firm belief or conviction that Mr. Cicchinelli, Jr.'s motivation was insincere.
>
> Without clear and convincing evidence that his disaffiliation from the Democratic Party was not in good faith, I

> \* \* \* break this tie in favor of certifying Mr. Cicchinelli, Jr.'s independent candidacy.

This argument does not withstand scrutiny.

{¶ 15} In this particular case, the only evidence of Cicchinelli's disaffiliation from the Democratic Party was his declaration that he was an independent, which came through his filing of his statement of independent candidacy. So when Husted wrote that he saw no evidence that the disaffiliation was in bad faith, he was simultaneously saying that he saw no evidence to challenge the good faith of the declaration. There is no other way to understand that sentence, given the paucity of evidence presented by both sides. Moreover, even if Husted *did* mischaracterize the legal test, the fact remains that the protesters failed to present any evidence that the declaration was not made in good faith.

Writ denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————

The Okey Law Firm, L.P.A., and Steven P. Okey, for relators.

John D. Ferrero, Stark County Prosecuting Attorney, and Deborah A. Dawson and Stephan P. Babik, Assistant Prosecuting Attorneys, for respondent Stark County Board of Elections.

Michael DeWine, Attorney General, and Tiffany L. Carwile and Nicole M. Koppitch, Assistant Attorneys General, for respondent Ohio Secretary of State Jon Husted.

Craig T. Conley, for intervening respondent Francis H. Cicchinelli Jr.

————————