NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 16-4065

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Oct 14, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GERALD W. PHILLIPS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| LORAIN COUNTY BOARD OF | ) | OHIO |
| ELECTIONS, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: BATCHELDER, ROGERS, and SUTTON, Circuit Judges.

PER CURIAM. Gerald Phillips sued the Lorain County Board of Elections, the board members, Ohio Secretary of State Jon Husted, and Ohio Attorney General Mike DeWine, alleging that the Board's decision to keep his name off of the ballot violated his First and Fourteenth Amendment rights, violated his rights under sections 1, 2, 3, 11, and 16 of article 1 of the Ohio Constitution, and amounted to "a violation of election laws or and/or abuse of discretion." R. 3. He requested both declaratory and injunctive relief of various sorts. The district court dismissed the case in its entirety, explaining that the Board's decision and the Ohio provisions on which it was based were lawful.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusions. The district court's opinion carefully and correctly sets out the undisputed facts and the law governing the issues raised, and

clearly articulates the reasons underlying its decision. Thus, issuance of a full written opinion by this court would serve no useful purpose.

Only one issue need be addressed specifically. Phillips argues on appeal that the non-partisan nature of Ohio's judicial elections means that "independent candidates [like Phillips] should be treated the same as non-partisan candidates," who need only 50 signatures in some circumstances. App. R. 19 at 39. This argument fails for two reasons. First, regardless of the standards for non-partisan candidacy, Phillips acknowledges that he *chose* to petition for candidacy as an independent. That means he is subject to Ohio's statutory requirements for independent candidates, which are constitutional for the reasons explained in the district court's opinion. Second, Phillips relies on a 50-signature requirement applicable to some municipal court judicial elections. *See State ex rel. Coughlin v. Summit Cty. Bd. of Elections*, 995 N.E.2d 1194 (Ohio 2013); *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 874 N.E.2d 507 (Ohio 2007); *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections*, 873 N.E.2d 1251 (Ohio 2007). But these municipal court elections are controlled by a statutory scheme separate from the one applicable to candidates (like Phillips) for the Court of Common Pleas. Candidates for municipal court judge have a direct path to the general ballot, regardless of party affiliation: all they need is 50 signatures of electors within the territory of the court. Ohio Rev. Code § 1901.07(B). But Court of Common Pleas candidates must be either a party nominee or an independent candidate, and must comply with the applicable provisions. Ohio Rev. Code §§ 3513.05, 3513.08, 3513.257. Phillips failed to do that.

Accordingly, for these reasons and the reasons stated in the district court's opinion, we AFFIRM.