## THE LUBRIC OIL CO. v. DRAWE.

*Error proceedings—Weight of evidence not considered by court of appeals—Trial court granted new trial upon that ground—But overruled motion for new trial thereon after retrial—Estoppel—Facts necessary to establish estoppel by conduct—Estoppel applies only to parties and privies, and not to strangers—Party preparing schedule of corporate assets and liabilities, omitted his claim—Not estopped to recover for negotiating sale of stock—Misrepresentations and concealment with one company does not estop another company—Argument to jury—Misconduct must be gross, to constitute "professional misbehavior"—Distorting evidence not prejudicial, since jury presumed to remember positive evidence.*

1. Where a trial court upon motion for new trial set aside a verdict upon the ground that it was manifestly against the weight of the evidence, and after a retrial the court of common pleas overruled a motion for a new trial based upon the same ground, the court of appeals will not consider the question of the weight of the evidence in a proceeding in error subsequently prosecuted.

2. In order to constitute estoppel by conduct there must be misrepresentation of facts or willful concealment of them, made with knowledge of facts to one ignorant of them with intention of having such other party act on them, and such party must have been thus induced to act.

3. Estoppel applies only to parties and privies, and does not extend to stranger to transaction.

4. Where controlling question in case relates to estoppel, court will look to pleadings to determine whether constituent elements of estoppel appear there, since such elements must appear with respect to pleading as well as evidence.

5. Answer alleging that plaintiff assisted in preparing schedule of assets and liabilities of answering defendant at time of sale of its stock without including any claim for services rendered in negotiation of such sale, and that plaintiff was thereby estopped from asserting any claim against such answering defendant, *held* not to plead principle of estoppel.

6. Misrepresentations and concealment relating to conversation

between plaintiff and representative of certain company cannot raise estoppel as to another company, notwithstanding that first company purchased stock or assets of second, and that at time of conversation companies were, practically speaking, one and the same, since, legally speaking, they were separate and distinct legal entities.

7. Misconduct of counsel must be gross, in order to constitute "professional misbehavior."

8. Allowing argument of counsel in which he was alleged to have undertaken to distort evidence held not prejudicial, in view of presumptions that jury heard and remembered positive testimony relating to issue, which was as to who wrote certain minutes of board of directors of company.

(Decided September 19, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Chamberlin, Marty & Fuller,* for plaintiff in error.

*Messrs. Day & Day,* for defendant in error.

SULLIVAN, P. J. The decisive question in these error proceedings from the court of common pleas of Cuyahoga county is whether the court below committed prejudicial error in not applying the doctrine of estoppel, urged by plaintiff in error both in the pleadings and in the trial of the case. The cause has been tried twice in the court of common pleas, and each time the jury returned a verdict in favor of the defendant in error. The first verdict was set aside on a motion for a new trial because it was manifestly against the weight of the evidence. In the second trial, on a hearing of a motion for a new trial, it was also urged that the verdict was manifestly against the weight of the evidence, but this motion was overruled by the court, and thereupon error proceedings are prose-

cuted to this court. Therefore the question of the weight of the evidence is not now the subject of inquiry, and, with the exception of a complaint for alleged misconduct on the part of counsel, the real question is one with respect to the principle of estoppel.

It becomes necessary to examine the second amended petition to ascertain whether the doctrine of estoppel is properly applied. Certain vital legal elements constitute this principle, and they must appear not only with respect to the evidence but also with respect to the pleading, for that is organic. In a large number of cases cited in 2 Words and Phrases, Second Series, on page 337, it is laid down that the following elements must be present in order to constitute estoppel by conduct: There must be a misrepresentation of the facts, or a willful concealment of the same, and this representation or concealment must be made with a knowledge of the facts, and the party to whom the representations are made, or from whom there is concealment, must be ignorant of the facts, and it is very essential that the representation or concealment must be made with the intention of having the other party act upon it. It must also appear that the other party was induced to act upon it, and estoppel applies only to parties and privies, and does not extend to a stranger. *Allread* v. *Smith*, 135 N. C., 443, 47 S. E., 597, 599, 65 L. R. A., 924.

According to Lord Coke, an estoppel is that which shuts a man's mouth from speaking the truth.

This doctrine must not be confused with the doctrine of impeachment, or with conduct affecting

the credibility of witnesses. There must be a distinction between this class of evidence and evidence with respect to estoppel. A man may say one thing out of court and another thing in court, but it is not estoppel if its intention is only to affect the credibility of the witness, or to lay the ground for impeaching him. The doctrine of estoppel closes the mouth of the witness and thus creates an extraordinary legal situation, which does not exist where the credibility of a witness is at issue by way of contrary statements, or where the impeachment process is put into execution in the trial of causes. Because of the dire penalty existing in estoppel the law scrutinizes with care to determine whether the facts and circumstances distinguish the situation from a mere question of credibility or impeachment. Therefore it is important that we look to the pleadings to determine whether the constituent elements of estoppel appear in the pleadings, because if they do not the doctrine of estoppel does not exist in the case, unless by leave of court or consent of parties the petition is amended so that the evidence may become admissible.

The paragraph relating to estoppel in the answer of the plaintiff in error, defendant below, is as follows:

"By way of further defense this answering defendant states that the plaintiff herein assisted in preparing a schedule of the assets and liabilities of this answering defendant at the time of the sale of its capital stock to the said Henry L. Doherty & Co., which said statement was used as the basis for determining the amount to be paid by the said Henry L. Doherty & Co. for such capital stock, and that this plaintiff did not present or include in said statement of liabilities any claim based on

any contract or otherwise for services rendered or to be rendered in the negotiation of such sale; this answering defendant further states that no such claim was ever asserted or presented by the plaintiff herein until on or about the 15th day of April, 1922, and that by reason of said premises, plaintiff is estopped from asserting any claim whatever against this defendant.''

It will be seen that nowhere in this paragraph is the principle of estoppel properly pleaded. Therefore, as far as the pleading is concerned, it is our judgment that the doctrine under discussion was not present in the proceeding below, and the issue of estoppel is not legally raised. From an examination of the record we find that it is also deficient in those attributes which constitute the doctrine of estoppel, and thus we come to the conclusion that the assignment of error bearing upon the subject is not well taken.

Should we be in error in this analysis of the case, the fact, appearing in the record, that the misrepresentations and concealment related to a conversation between the plaintiff, defendant in error here, and Henry L. Doherty & Co., puts the case beyond the pale of the doctrine of estoppel. The suit at bar is against the Lubric Oil Company. The fact that Henry L. Doherty & Co. purchased the stock or assets of the Lubric Oil Company, and in that sense practically became the Lubric Oil Company, does not change the fact that the defendant in error, George E. Drawe, and the representative of Henry L. Doherty & Co., were the only parties to the conversation giving rise to the claim of estoppel. The Lubric Oil Company is still in existence, and it has a legal entity of its own, which could not be destroyed because Henry L. Doherty

& Co. purchased the stock or assets, especially as it continued as a corporation and in operation of its business. Practically speaking, at the time of the alleged conversation the companies were one and the same, but, legally speaking, they were separate and distinct legal entities, and thus the Lubric Oil Company was not a party to the conversation which it is claimed closes the mouth of Drawe.

In the consideration of this case it is not shown by the pleadings or the evidence that the situation of the parties changed in any manner by reason of the concealment or misrepresentation, nor does it appear that the transaction would not have been completed had Henry L. Doherty & Co. been aware of the indebtedness represented by the judgment, and it did not appear upon the books.

In *Madison* v. *Spokane Valley Land & Water Co.,* 40 Wash., 414, 82 P., 718, 719, 6 L. R. A., (N. S.), 257, and many other authorities, it is held with regard to the doctrine of estoppel that the person sought to be estopped must do some act or make some admission with an intention of influencing the conduct of another or which he had reason to believe would influence his conduct, which act or admission is inconsistent with the claim he specially proposes to make to the extent that had the other party known the actual truth the transaction would not have been consummated.

In *Rogers* v. *Portland & B. St. Ry. Co.,* 100 Me., 86, 60 A., 713, 715, 70 L. R. A., 574, it is held that the principle of equitable estoppel should not be implied, unless in any given case all the elements exist essential to create such estoppel.

We do not think, after an examination of the

pleadings and evidence, that in the case at bar these essential elements exist in the case.

In *Royce* v. *Carpenter*, 80 Vt., 37, 66 A., 888, it is held that there can be no estoppel unless the party alleging it relied upon the representation—whether in words, acts or silence of the party to be estopped—was induced to act by it, and, thus relying and induced, did take some action.

Another assignment of error is that counsel for defendant in error were guilty of misconduct, by undertaking to distort the evidence. Holding as above upon the doctrine of estoppel, the assignment of misconduct of counsel, in our judgment, becomes immaterial, but if it were material we are of the opinion that there could be no prejudice under the rulings of our Supreme Court, because misconduct must be gross in order to constitute professional misbehavior. In the present case the presumption is that the jury heard the positive testimony as to who wrote the particular minutes of the board of directors in question, and remembered it. It is also a presumption of law that the jury heard and remembered the other phases of the question, as to whether it was uncertain as to who wrote it. In all causes involving the giving of positive testimony on a simple, ordinary subject, it is a violent assumption to conclude that a jury with intelligence enough to reach a verdict is totally oblivious to the real facts.

Holding these views, the judgment of the court of common pleas is hereby affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.