[Cite as *Fifth Third Bank, Natl. Assn. v. Reiser*, 2023-Ohio-4167.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APELLATE DISTRICT
WOOD COUNTY

Fifth Third Bank, National Association　　　　Court of Appeals No.　WD-23-003

　　　　Appellee　　　　　　　　　　　　Trial Court No.　2022CV0134

v.

Tony J. Reiser, et al.　　　　　　　　　**DECISION AND JUDGMENT**

　　　　Appellants　　　　　　　　　　Decided:　November 17, 2023

* * * * *

Laura C. Infante and Ashley E. Mueller, for appellee.

Francis J. Landry, for appellants.

* * * * *

**DUHART, J.**

{¶ 1} Appellants, Tony J. Reiser and Shelly Reiser, appeal from the judgment of

the Wood County Court of Common Pleas, granting summary judgment and issuing a

decree of foreclosure in favor of appellee, Fifth Third Bank, National Association ("Fifth

Third"). For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case**

{¶ 2} Fifth Third filed its complaint in foreclosure on April 4, 2022. On May 13, 2022, the Reisers filed an answer raising several affirmative defenses, including estoppel and unclean hands. Fifth Third served a combined set of discovery requests upon the Reisers and deposed each of them. Fifth Third filed a motion for summary judgment on November 14, 2022. The Reisers filed an opposition to Fifth Third's motion for summary judgment, and Fifth Third filed a reply brief.

{¶ 3} On December 15, 2022, the trial court issued a judgment entry and decree of foreclosure in favor of Fifth Third. In the judgment entry, the trial court granted Fifth Third's motion for summary judgment. It is from this entry that the Reisers now appeal.

**Statement of Facts**

{¶ 4} On or about May 22, 2002, Tony Reiser entered into a promissory note for $130,000 and both Tony Reiser and Shelly Reiser agreed to secure that note with a mortgage upon their real property located at 424 W Sixth Street, Perrysburg, Ohio 43551. The loan was modified several times. The latest modification, dated March 8, 2019, set a new interest-bearing principal balance of $112,266.00, with interest on that balance at a rate of 4.25% per annum, and a deferred balance of $36,269.38. The loan modification required payments to start April 1, 2019. The monthly modified payment, including principal and interest in the amount of $486.81, together with taxes and insurance in the

2.

amount of $361.39 (the "estimated escrow payment"), was $848.20. This figure appeared in the loan modification paperwork that was signed by Tony Reiser on March 20, 2019, and was identified as the "[t]otal estimated new monthly payment," "[e]ffective April 1, 2019."

{¶ 5} As their first payment under the newly-modified loan, the Reisers issued a check to Fifth Third, dated April 10, 2019, in the amount of $486.81. The Reisers contend that the payment was a partial payment intended to cover only the principal and interest that was due, because -- despite having made certain efforts to speak to someone at the bank -- they were unable to obtain to "an exact payment amount" for the escrow portion of the payment.

{¶ 6} Upon receipt of the partial payment, Fifth Third immediately sent a letter to the Reisers indicating that because the amount of $486.81 did not match their monthly payment of $848.20, Fifth Third did not know how to apply the funds. The letter then requested that the Reisers fax or send to a specific address their written instructions as to how the funds should be applied. The payment was ultimately returned to the Reisers on May 8, 2019, as a "short payment return."

{¶ 7} Meanwhile, in a communication dated April 3, 2019, Fifth Third sent the Reisers an Annual Mortgage Escrow Statement. The statement indicated that there was a shortage in the Reisers' escrow account in the amount of $416.56, and it gave the Reisers two options: (1) they could either do nothing, and the shortage would be added into their

3.

monthly mortgage payment; or (2) they could pay the shortage and there would be no escrow shortage added to their monthly payment. The Reisers returned the statement with a check for $361.90, dated April 17, 2019. Fifth Third applied the amount to the escrow shortage. The Reisers contend that they wrote on the check "option 1," "indicating they wished the payment go towards their monthly payment" and not into the escrow account. They further contend that the payment of $361.90 was meant to be combined with the partial payment of $486.81 that they had previously submitted in order to fully cover the monthly loan payment for April 2019.

{¶ 8} The Reisers did not submit a payment in May, June, July, August, or September 2019.[1] Instead, they attempted to get another loan modification. In September 2019, the bank began foreclosure proceedings in case No. 2019CV0488.[2]

{¶ 9} The Reisers did submit several payments in October 2019. At that point, the loan was due for seven payments: April, May, June, July, August, September, and October 2019. The payments were not sufficient to bring the loan current, but they were applied to the payments for April, May, and June 2019.

---

[1] Any confusion concerning the payment amount that was due should certainly have been cleared up by May 2019, as the monthly mortgage statement dated April 17, 2019 (which was sent to the Reisers) specified that the "regular monthly payment" amount was $848.20.

[2] This was an earlier foreclosure action that was voluntarily dismissed by Fifth Third on January 4, 2022.

4.

{¶ 10} The Reisers allege that "because they were in default," Fifth Third refused to accept any additional payments from them in November 2019.

{¶ 11} Pursuant to provision 1 of the master mortgage, Fifth Third, as the lender, "may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future * * *."

{¶ 12} On December 15, 2022, the trial court issued its judgment entry in the current foreclosure action, finding that the conditions in the mortgage deed had been broken and that Fifth Third was entitled to have "the equity of redemption and dower of all Defendants in and to said premises foreclosed."

## Assignment of Error

{¶ 13} The Reisers assert the following assignment of error on appeal:

I. The trial court erred in determining that Appellees were not estopped from pursuing foreclosure due to unclean hands or estoppel in refusing to accept payments subsequent to the loan modification and then declaring Appellants to be in default.

## Analysis

{¶ 14} It is the Reisers' position that the bank "refused to accept" and/or "misapplied" their April 2019 payment, which "resulted in the bank wrongfully foreclosing on the loan." According to the Reisers, "[t]his is reprehensible conduct on

5.

the Bank's part, and evidences its unclean hands." "To establish the affirmative defense of unclean hands, a defendant must show that the plaintiff seeking relief engaged in reprehensible conduct with respect to the subject matter of the action." *Wells Fargo Bank, N.A. v. Lee*, 2014-Ohio-4514, 20 N.E.3d 1236, ¶ 57 (6th Dist.), citing *State ex rel. Coughlin v. Summit Cty. Bd. of Elections,* 136 Ohio St.3d 371, 2013-Ohio-3867, 995 N.E.2d 1194, ¶ 16.

{¶ 15} In this case, there is no evidence that Fifth Third engaged in any kind of "reprehensible" conduct in connection with the foreclosure proceedings against the Reisers. The Reisers failed to comply with the terms of the note and mortgage and loan modification by failing to submit timely and complete payments, and the loan went into default and remained due for the July 1, 2019 payment and for all payments due since that time.

{¶ 16} Even if there was confusion with respect to the April 2019 payment, the Reisers knew the amounts to pay in May, June, July, August, and September of 2019, and, yet, they failed to make those payments. The bank, in accepting the Reisers' October 2019 payments, in applying them to the April, May, and June 2019 payments, and in refusing to accept any payments made thereafter, acted within its rights under the master mortgage contract. The doctrine of unclean hands simply does not apply in this case to preclude foreclosure on the Reisers' property.

6.

{¶ 17} The Reisers additionally argue that Fifth Third should have been estopped for "refusing to accept payments subsequent to the loan modification and then declaring [the Reisers] to be in default."

{¶ 18} To establish estoppel by conduct:

> There must be a misrepresentation of the facts, or a willful concealment of the same, and this representation or concealment must be made with a knowledge of the facts, and the party to whom the representations are made, or from whom there is concealment, must be ignorant of the facts, and it is very essential that the representation or concealment must be made with the intention of having the other party act upon it. It must also appear that the other party was induced to act upon it, and estoppel applies only to parties and privies, and does not extend to a stranger. Allred v. Smith, 135 N. C. 443, 47 S. E. 597, 599, 65 L. R. A. 924.

*Lubric Oil Co. v. Drawe,* 26 Ohio App. 478, 480, 160 N.E. 93 (8th Dist.1927). In this case, there is no evidence to suggest that Fifth Third either misrepresented or willfully concealed any facts -- let alone any facts upon which the Reisers could have relied to their detriment. Instead, the documentation that Fifth Third provided to the Reisers, both before and after April 2019, made clear the monthly mortgage payment amount, with the proper number provided in: (1) the loan modification documentation that was signed by Tony Reiser on March 20, 2019; (2) the April 2019 letter that was sent to the Reisers

7.

attempting to address the partial payment received; and (3) the relevant monthly mortgage statements, beginning in April 2019. Further, Fifth Third acted within its rights under the master mortgage contract when -- *after* declaring the Reisers to be in default, months after receiving *any* payment -- it accepted the Reisers' October 2019 payments and applied them to the April, May, and June 2019 payments, and then refused to accept any payments made thereafter. Estoppel by conduct is not an appropriate defense in this case. Accordingly, appellants' assignment of error is found not well-taken.

**Conclusion**

{¶ 19} The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.          _____
                                        JUDGE
Gene A. Zmuda, J.         

Myron C. Duhart, P.J.         _____
CONCUR.                                    JUDGE

                                     _____
                                        JUDGE

8.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.